OPINION OF THE COURT
Ben Mermelstein, J.
Defendant moves to vacate default judgment in this small claims proceeding.
According to court records this case has been calendared about nine times. This by and of itself tends to defeat the very purpose of small claims.
Moreover, it is well settled that motion practice will not be permitted in such a proceeding, except on a showing of complicated issues. This is certainly not such a case. The particulars sought by defendant would be available at a hearing of the matter.
Nevertheless, attorneys have sought to defeat the purpose of small claims proceedings through the use of subdivision (a) of section 1805 of the Uniform City Court Act. The practice has been to pay a $15 fee placing the matter on the regular *216 calendar of the court, and enabling the parties to use "the usual practice and procedure applicable to other parts of the court”, which encompasses all discovery devices.
This practice, unilaterally employed by attorneys is improper, in the court’s opinion, since subdivision (a) of section 1805 states, "The court shall have power to transfer any small claim or claims to another part of the court”. It would appear, therefore, before such transfer can be made, application must be made to the court, as a condition precedent, and then granted upon a showing that the issues are complicated.
This is the practice this court has adopted in order to assure people who use this forum of small claims, of a fast disposition of their claims, excluding motion practice which most of them do not understand and which causes them to retain counsel.
Since defendant admits liability in this case, the matter will be set down for a hearing to determine damages on October 12, 1978, without the necessity of plaintiff supplying any particulars and further, on condition that defendant pay plaintiff $25 costs 10 days prior to hearing date, otherwise motion denied.