OPINION OF THE COURT
Titone, J.
 CPL 710.60 (1) provides that pretrial motions to suppress evidence must be made "in writing and upon reasonable notice to the people.” The issue in this appeal is whether the People may effectively waive compliance with this statutory requirement. Although we conclude that a waiver is permissible, we nonetheless hold that in this case defendant’s oral motion should not have been considered because, as an examination of the record reveals, the People did not, in fact, waive their right to receive written notice of his motion.
In November 1989, while defendant was being arraigned on an indictment charging him with burglary and other related offenses, defense counsel asked the County Court if it would consider entertaining an oral application to suppress certain evidence which had been seized from defendant at the time of *158 his arrest. The prosecutor responded that he believed that his office would expedite the motion if he could "just have [it] in writing.” The County Court, however, stated that it was "going to allow the oral application.” In so ruling, the court observed that the People would not be "prejudiced.”
Immediately after deciding to entertain the oral application, the court invited defense counsel to speak about the facts underlying the motion. Counsel thereafter related certain unsworn allegations that had been made at defendant’s preliminary hearing. Although the prosecutor was given the opportunity to mention any additional facts he deemed relevant, he confined himself to a reading of the factual narrative in the police report, noting that he felt himself to be at somewhat of a "disadvantage” because he had not been present at the felony hearing. In response to further inquiry by the court, the prosecutor stated that the People would be ready to proceed with a full suppression hearing on whatever date the court might select.
A formal suppression hearing was held two weeks later. After hearing from both sides, the County Court granted defendant’s motion, concluding that the evidence defendant sought to suppress was the fruit of an unlawful arrest and search.
On appeal, however, the Appellate Division reversed. Relying on CPL 710.60 (1), that Court concluded that defense counsel’s oral application to suppress should not have been heard. Nonetheless, the Court then went on to consider defendant’s suppression motion on its merits, holding that defendant had not been subjected to an unlawful arrest or search. Accordingly, the Court denied the suppression motion and remitted for further proceedings on the indictment.
The Appellate Division correctly ruled that the County Court should not have entertained defendant’s oral application to suppress evidence. A motion to suppress evidence on any of the grounds set forth in CPL 710.20 is litigated in accordance with the procedures prescribed by CPL article 710. CPL 710.60 (1) provides that such motions, when made prior to trial, "must be in writing and upon reasonable notice to the people.” Under the statute, the movant must submit papers that "state the ground or grounds of the motion” and "contain sworn allegations of fact * * * supporting such grounds.”
Contrary to defendant’s present contention, the trial courts are not empowered to dispense with CPL 710.60 (l)’s *159 written notice requirement in the exercise of their "inherent authority” to control their own calendars. To the extent that the courts may have some discretion to adjust their procedures in areas involving the "inherent nature of the judicial function,” the courts may not exercise that discretion in a manner that conflicts with existing legislative command (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6, citing Riglander v Star Co., 98 App Div 101, affd 181 NY 531; and Cohn v Borchard Affiliations, 25 NY2d 237). Indeed, we have already held that the trial courts’ inherent power to control their own calendars does not include the power to "depart from the clear wording of CPL 170.30” (People v Douglass, 60 NY2d 194, 205).
Similarly, whatever "inherent authority” the trial courts may have to regulate motion practice cannot be extended to encompass a judicial decision to abrogate the written notice requirement of CPL 710.60 (1). Accordingly, its prescriptions must be obeyed, and the courts have no authority to vary or override them.
An entirely separate question exists as to whether compliance with the requirements of CPL 710.60 (1) can effectively be waived by the People. We have previously considered the People’s power to waive analogous statutory written-notice requirements and have reached varying conclusions depending upon the nature of the statute.
In People v Singleton (42 NY2d 466, 470), for example, we ruled that by failing to object to the unorthodox procedure defense counsel had used to move for a dismissal, the prosecutor had validly waived his right to demand written motion papers and reasonable advance notice in accordance with CPL 210.45 (1). In contrast, the Court held in People v Lawrence (64 NY2d 200) that a motion to dismiss for a violation of CPL 30.30 must be made before trial or entry of plea (see, CPL 210.20 [1] [g]; [2]) and that this statutorily mandated requirement was not waived because of the People’s failure to object to a judicial ruling deferring the motion until after trial. In so ruling, we stated that "[n]either the court nor the parties may restructure the statute to adopt a procedure that is more convenient for them at the moment by waiving its clear provisions” (id., at 207).
Finally, in People v Jennings (69 NY2d 103, 113), we discussed Singleton and Lawrence (supra) and elaborated upon the distinction that is implicit in those cases. In Jennings, we *160 held that by neglecting to object at the proper time, the People had waived their right to complain about the defendants’ failure to make their CPL 210.20 dismissal motion in writing and upon reasonable notice. We went on to note in Jennings that, unlike the procedural rule that was at issue in Lawrence, the written notice requirement of CPL 210.45 (1) is not directly related to any strong public policy affecting the efficiency of the courts or "orderly trial procedures” (69 NY2d, at 113). Rather, it is a rule "designed primarily to protect the People from unfair surprise” (id., at 113). Where the prosecution deems such protections unnecessary, we concluded, there is no sound reason why they should not be permitted to waive the rule’s requirements (id.).
For purposes of analysis, the rule at issue here is indistinguishable from that at issue in Jennings and Singleton (supra). Like CPL 210.45 (1), CPL 710.60 (1) exists to ensure that the People are adequately protected from unfair surprise and have sufficient opportunity to respond to the defendant’s suppression claims. The requirement of written motion papers serves the additional purpose of framing and narrowing the issues, enabling the prosecution to prepare an intelligent response. As in Singleton and Jennings, the prosecution, the intended beneficiary of the statutory protections, should be able to waive them, particularly since there are no overriding public policies that would be offended by treating the People’s silence as a waiver (see, People v Jennings, supra, at 113). In these circumstances, the general principle that the parties to a litigation may adopt their own rules "by the simple expedient of failing to object” is applicable (People v Lawrence, supra, at 206; see, Matter of Brock way v Monroe, 59 NY2d 179, 188).
It remains for us to determine whether a waiver actually occurred in this case. It is undisputed that as soon as the defense suggested proceeding by oral motion, the prosecutor asked for a written motion, promising that the People’s response would be "expedited.” Nonetheless, defendant argues that the People should be deemed to have waived their right to a written motion because, after the initial discussion, they participated in the remainder of the proceedings, including the suppression hearing, without further objection. The argument lacks merit.
Once the trial court stated unequivocally that it would permit an oral motion, any further objection by the People *161 would have been futile. The law does not require litigants to make repeated pointless protests after the court has made its position clear. Nor does the law require litigants who have unsuccessfully sought a ruling to boycott the remainder of the proceeding in order to avoid forfeiture of their claims. In this case, the People’s conduct made it clear that they did not voluntarily intend to forgo their right to a written suppression motion (cf., People v Le Mieux, 51 NY2d 981). No further protest was required.
Finally, although the Appellate Division correctly concluded that the oral motion should not have been entertained, the Court erred when it went on to consider and dispose of the defense’s suppression motion on the merits. Inasmuch as the motion was not made in accordance with the dictates of CPL article 710, it was, in effect, a nullity. Thus, for purposes of determining the proper relief on appeal, the Appellate Division should have treated the motion as if it had never been made. Once the Court determined that the suppression motion should not have been considered, it should have placed the parties in the position they occupied before the motion was made by simply reversing the order of suppression and remitting for further proceedings, including a new motion to suppress if appropriate.
Accordingly, the order of the Appellate Division should be modified in accordance with the opinion herein and, as so modified, affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
Order modified, etc.