OPINION OF THE COURT
William H. Bristol, J.
Pursuant to CPL 450.50, the People appeal from the June 4, *294 1992 decision and order of Irondequoit Town Justice, P. Keely Costello, which held that: "any evidence of intoxication which was obtained after the stop of the defendant’s motor vehicle is not admissible, including any statement allegedly made by the defendant and the results of the breathalyzer.”
FACTS
Defendant was arrested on December 18, 1991 and charged with driving while intoxicated, driving while his blood alcohol content exceeded .10 of 1%, consuming an alcoholic beverage in a vehicle and insufficient taillamp, all contrary to the Vehicle and Traffic Law of the State of New York. On January 2, 1992, 15 days later, the court arraigned Mr. Zimmerman in the presence of his attorney Michael Taddonio, Esq. and accepted his plea of not guilty to all charges. The prosecutor served a CPL 710.30 notice on the defendant and the court, with defense counsel’s assent, ordered that the defendant’s motions be served on the People by February 6, 1992 (34 days after arraignment), and argued on February 20, 1992 (49 days after arraignment). On February 20, 1992 the court extended the People’s response date to February 28, 1992[1] and scheduled argument of the motion for March 5, 1992 (68 days after arraignment). It did so because the prosecutor’s file contained no motion papers although defense counsel represented that these papers had been served on February 5, 1992. On March 5, 1992, six days after the court’s deadline but on the date set for argument, the Assistant District Attorney served his opposing motion papers which consisted of a 10-page response to the defendant’s 31-page motion. The record reveals that on February 24, 1992 defense counsel, at the request of the prosecutor who still could not locate the original moving papers, mailed a copy of these papers to the District Attorney’s office. Unfortunately, defense counsel’s office, for some unknown reason, addressed the envelope with the motion papers to Alan Cruikshank, Esq., an Assistant District Attorney who also happens to be the father of Andrew Cruikshank, Esq., the Assistant District Attorney who was, in fact, prosecuting this case. Alan Cruikshank received these papers on February 27th. As a result, the correct *295 Cruikshank, Esq. finally received the papers on or after February 28, 1992, the court-imposed deadline. On March 5, 1992, the Assistant District Attorney attempted to explain this situation on the record but was interrupted first by defense counsel and then by the court. In fact, the court solicited the District Attorney to give a reason why the papers were not served on the 29th [sic] as directed or to face having the court "take the facts as set forth in Mr. Taddonio’s papers as being true facts”. Furthermore the court stated: "I gave the People two chances, but unless the People can show that Mr. Taddonio’s [sic] at fault or that they’re otherwise not at fault, then I’m going to have to hold with what I indicated in court.” In response to that solicitation, the Assistant District Attorney, Andrew A. Cruikshank, Esq., sent Judge Costello a letter explaining the reasons why the papers were filed with the court five days beyond the court-imposed return date. Nevertheless, the court ruled that it would "not consider the People’s late response to the defendant’s motion for various relief’. It based its decision on the People’s failure to follow the court’s timetable and justified this action on "its discretion”: "A public policy interest is served by insuring that cases move through the court system in an expeditious manner, and that the defendant and his counsel are not subjected to needless delays and adjournments. These time requirements can be established by the state legislature or by the court in its discretion” (emphasis supplied).
The court cited no constitutional, statutory or common-law authority in support of its holding or, for that matter, in support of any other conclusions of law in its decision.
As a result of this court order, the People certified that they were unable to proceed to trial and, therefore, appeal to this court on the grounds that the Judge’s suppression decision rendered their proof insufficient as a matter of law or so weakened their proof that a reasonable possibility of prosecuting the charges successfully had been effectively destroyed. They claim this decision was erroneous and an abuse of discretion.
LAW
CPL 710.60 (2) grants a criminal court the power to summarily grant a motion to suppress evidence if:
"(a) The motion papers comply with the requirements of subdivision one [of CPL 710.60] and the people concede the *296 truth of allegations of fact therein which support the motion; or
"(b) The people stipulate that the evidence sought to be suppressed will not be offered in evidence in any criminal action or proceeding against the defendant.” (CPL 710.60 [2] [a], [b].)
Here the local court Justice summarily granted the defendant’s motion based on the defendant’s motion papers only.
Do these motion papers, therefore, comply with CPL 710.60 (D?
In relevant part, CPL 710.60 (1) states: "A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with opportunity to be heard”.
Obviously the motion papers were in writing. But was the motion made "upon reasonable notice to the People and with opportunity to be heard”? When it set February 28, 1992 as the new date for filing responsive papers, the court reasonably acknowledged that the prosecutor did not have the moving papers (notice) and was entitled to them as well as to time to respond. The second set of motion papers, sent to Alan Cruikshank, Esq., not Andrew Cruikshank, Esq., were sent out on February 24, 1992 and received on February 27, 1992. (Interestingly, the original motion papers were supposedly hand-delivered to the District Attorney’s office; the second set was sent by mail.) Even if Alan Cruikshank, Esq. had been the correct Assistant District Attorney, he was faced therefor with a one-day deadline to respond to a 31-page motion. In more general terms the District Attorney’s office was given an eight-day deadline to respond to the motion papers that everyone acknowledged it did not possess (Feb. 20 to Feb. 28). Indeed, from the date the office of the District Attorney of Monroe County received the papers (Feb. 27, 1992) to the date of argument (Mar. 5, 1992) constituted only seven days.
This is not "reasonable notice”.
As to what constitutes "reasonable notice” the CPL is silent. In civil matters, however, the CPLR is quite explicit: "A notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard.” (CPLR 2214 [b].)[2]
*297 CPLR 2103 (b) (2) extends the notice period by five days where, as here, service is done by mail.
Thus reasonable notice, under civil standards, measured from February 20, 1992 would have required the District Attorney to file responsive papers on February 28, 1992 if a copy of the papers had been given to the Assistant District Attorney that night. But they were not so served. Given the fact that the Town Justice accepted that the District Attorney had no moving papers, i.e. no notice, it is implicit that he was expecting a second set of papers to be served on the District Attorney’s office. When service by mail was accomplished on February 24, 1992, if it had been made by sending the papers to the correct Assistant District Attorney, reasonable notice under the explicit civil guidelines would have afforded the Assistant District Attorney until March 8, 1992 (13 days) to respond.
Accordingly, CPL 710.60 (1) was not complied with. The motion was not made "upon reasonable notice to the people and with opportunity to be heard”.
Moreover, nowhere in the record is there any evidence that the People waived the requirements of CPL 710.60 (1). And as Judge Titone has written:
"the trial courts are not empowered to dispense with CPL 710.60 (l)’s written notice requirement in the exercise, of their 'inherent authority’ to control their own calendars. To the extent that the courts may have some discretion to adjust their procedures in areas involving the 'inherent nature of the judicial function,’ the courts may not exercise that discretion in a manner that conflicts with existing legislative command (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6, citing Riglander v Star Co., 98 App Div 101, affd 181 NY 531; and Cohn v Borchard Affiliations, 25 NY2d 237) * * *
"Similarly, whatever 'inherent authority’ the trial courts may have to regulate motion practice cannot be extended to encompass a judicial decision to abrogate the written notice requirement of CPL 710.60 (1).” (People v Mezon, 80 NY2d 155, 158-159 [1992]; see also, People v Douglass, 60 NY2d 194 [1983].)
Since the "written” notice requirement of CPL 710.60 (1) may not be abrogated, it logically follows and makes common sense that the "reasonable” notice requirement may not be abrogated.
This court had the privilege of serving as a local court *298 Judge for 11 years and, therefore, is acutely aware of the need to expeditiously resolve the all too many criminal cases that clog the calendars of local courts. The Town Justice in this case was correct in his recognition that there was a public policy interest to be served by insuring that cases move promptly through the system. But, promptness is a passing and particular concern when compared with the deeper principle of following the law as it is written so as to insure due process of law for both sides via fair notice and a reasonable opportunity to be heard. It is the deeper principles that the court must rescue even if the passing and particular concerns of the instant case are affected. And, here, the effect on the defendant and his counsel was minimal. There was no measurable prejudice to the system of justice and to the defendant by accepting the People’s papers and giving them the opportunity to be heard.
This court, consistent with the authority of the CPL, has reviewed the motion papers and finds that they raise issues of fact that entitle the defendant to a suppression hearing. Accordingly, this court reverses the decision of the local court and remands this case to the Justice Court of the Town of Irondequoit for further proceedings consistent with this opinion and order.

. The Honorable Town Justice refers to February 29th in his decision-chronology of events as the date for argument. Actually, in the proceedings of February 20, 1992 the transcript indicates that February 29th was a Saturday and thus the court changed the date to the 28th (of February).

. Indeed, the Town Justice recognized this reasonable standard when on February 20,1992 he set February 28,1992, eight days later, as the date for filing responsive papers.