■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN COOK, Respondent. [596 NYS2d 822] —Order of the Su-

preme Court, New York County (Carol Berkman, J.), entered on July 24, 1990, which dismissed the indictment against defendant on the ground that the People were not ready for trial within the time period prescribed by CPL 30.30, is unanimously affirmed.

Defendant Melvin Cook was arrested on January 9, 1990 after a police officer recovered a crack pipe and 20 vials of crack from him. He was thereafter charged by felony complaint, filed on January 11, 1990, with criminal possession of a controlled substance in the fifth and seventh degrees. On January 12, 1990, he was released on his own recognizance pursuant to CPL 180.80. Defendant was indicted on February 8, 1990 for one count of criminal possession of a controlled substance in the fifth degree. However, he did not appear at his scheduled arraignment on March 27, 1990 since, in the meantime, he had, under the name of William Cook, begun serving a prison term for an unrelated crime at Downstate Correctional Facility. The matter was adjourned to April 18, 1990, but defendant again failed to appear. Consequently, a bench warrant was issued, and the case was further adjourned to July 10, 1990. At some point, the People discovered that he was incarcerated. Thus, on June 20, 1990, the prosecution requested an order of production, and defendant was delivered to court on July 10, 1990. The warrant was vacated. Although the defense attorney had signed himself into the court part in the morning, he did not return after lunch, and the following colloquy occurred:

"THE COURT: Are you doing a state prison sentence, Mr. Cook?

"DEFENDANT: Yes.

"THE COURT: How long have you been there?

"DEFENDANT: About seven months now.

"THE COURT: Do you have any other holds? There is no indictment number on the hold.

"THE CLERK: Just that he is doing two to four.

"DEFENDANT: I wanted to know if possible before I get sent back to where I am going. I think maybe you have it on the record, but to my knowledge I have some warrants for [petit] larceny, things like that that are open as far as work release was concerned, that is why I figured I was brought here anyway.

"As you were talking just now I see that you don't say that. I have some papers in my pocket that I will show. I figured I

would have a lawyer here, but I don't. I will show you an indication of what I was trying to show you. I am trying to get work release.

"THE COURT: Vivian, please check 84186 of '89.

"DEFENDANT: I would like to get this taken care of now.

"THE COURT: Who gave you two to four?

"DEFENDANT: In a 111 court.

"THE COURT: You don't remember the name of the judge?

"DEFENDANT: No. It was for the charge that I had cocaine possession and another charge.

"THE COURT: Well Mr. Philippe [the Assistant District Attorney], there seems a small problem here. Mr. Cook is doing a two to four sentence on an indictment which existed at the time he was arrested on this case. He has been doing state time since December—not since December. He was arrested in this case in January of '90. So I presume he must have taken the plea and they let him out and he got the maximum on that case or something, but in the meantime he had this case open and here it is the middle of July. I don't think this time is excludable.

"There is something wrong in the computer apparently because your computer shows that sentence date as 12/18 of '89 which is not possible because this arrest is January of '90. So perhaps whoever it is Mr. King, or Mr. Donovan.

"MR. PHILIPPE: Donovan. Perhaps he can do a little research.

"You give me the number of the indictment.

"THE CLERK [sic]: 8418 of '89. In any event, I would like him to run his sheet and tell me what is going on here. Notify 18 B. He is remanded."

The next court date was July 24, 1990. The court observed that there was no counsel present yet for defendant, and then this exchange took place:

"THE COURT: Does he have any holds?

"THE COURT OFFICER: State prison. It doesn't say how much time.

"THE DEFENDANT: Two to four.

"THE COURT OFFICER: He's doing two to four up in Wyoming Correctional Facility.

"THE COURT: Who represented you on that case?

"THE DEFENDANT: I don't know.

"Your Honor, for that case I think I was sentenced in 111. I was sentenced in 111.

"THE COURT: What's this indictment number, please?

"THE CLERK: 1598 of '90.

"THE COURT: Well, it doesn't say what you got here. This is 1598 of '90.

"THE CLERK: Did you ask me what something else was?

"THE COURT: Oh, I see. Now you got two to four. On February 23 of '90 defendant was sentenced to two to four in the Supreme Court, New York County under indictment 8418 of '89, same name. And so he's been upstate since February 23.

"It was July when you came back. When did they bring him back?

"THE CLERK: He was returned on the warrant on July 10.

"THE COURT: Well, that seems to do it. I think you can't survive a 30.30 on this case. There's no point suspending *[sic]* scarce tax payer dollars. Can you? No. I didn't think so. 30.30; dismissed.

"THE CLERK: Indictment dismissed.

"THE COURT: Goodbye, Mr. Cook; Don't do it again."

On appeal, the People contend that the Supreme Court acted improperly in *sua sponte* dismissing the indictment based upon the Judge's expectation that defendant would prevail on a motion pursuant to CPL 30.30. In that regard, the prosecution relies upon CPL 210.45 (1), which states that a motion to dismiss "must be made in writing and upon reasonable notice to the people." However, the law is established that the procedural mandates of this provision may be waived when the People fail "to complain of the flaws they now assert, by either raising the problem before [the trial court] made [her] decision or moving for reargument within a reasonable time thereafter" *(People v Jennings,* 69 NY2d 103, 113; *see also People v Singleton,* 42 NY2d 466, 470-471). As the Court of Appeals explained in *People v Jennings (supra,* at 113), "[i]nasmuch as the requirements of CPL 210.45 (1) are designed primarily to protect the People from unfair surprise, no overriding public policies are offended by treating the People's silence as a waiver of their right to written notice under that statute" *(see also, People v Lawrence,* 64 NY2d 200).

In the instant situation, the court informed the prosecution on July 10, 1990, some six months after commencement of the criminal proceedings against defendant that the prosecution of defendant was in jeopardy on speedy trial grounds. Yet, the Assistant District Attorney merely responded that his office

would have to "do a little research". He made no other comment, either to request written notice or a formal hearing. Indeed, he did not even express any disagreement with the Judge's premise that there was a speedy trial problem. On July 24, 1990, the People were once again silent. The prosecution did not offer the outcome of the research that it had previously indicated would be done to ascertain the status of defendant's case nor did it dispute the court's determination that the speedy trial limits applicable here under CPL 30.30 had been exceeded. In fact, the People made no objection whatever. It is only now on appeal that the prosecution has, for the first time, advanced as an issue their purported lack of notice notwithstanding the court's specific observation on July 10, 1990 that there were speedy trial considerations involved in this matter. The People's dereliction cannot, however, be overcome by raising on appeal what they neglected to argue before the trial court. In *People v Alston* (191 AD2d 176), this Court recently decided an issue identical to the one before us now, finding the dismissal by the Supreme Court of the indictment therein on speedy trial grounds to constitute a reasonable exercise of discretion. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.