OPINION OF THE COURT
William H. Bristol, J.
Important principles are often hidden in humble cases. So it is here.
Darleen Lortz appeals a decision of Rochester City Court *540 dated February 11, 1993 which dismissed her claim after a finding of no cause for action. She contends that City Court lacked authority to transfer her case from a Small Claims Part to the regular civil part of that court. That transfer required her to submit to a mandatory arbitration and, after her victory there, to a trial de nova. For the reasons that follow, this court reverses the judgment dismissing her cause of action and remits the case to Rochester City Court where it shall be heard at a Small Claims Part of that court.
FACTS
On February 18, 1992, Darleen Lortz, the plaintiff, commenced a small claims action in the Rochester City Court against her mother, Elaine Lortz, the defendant. When the parties appeared on June 22, 1992 for their hearing, the Trial Judge informed them that the case had been transferred to arbitration and would be heard by a Judicial Hearing Officer, Hyman Maas. Although they acquiesced, neither party had requested such transfer nor did they consent to it. At the time the Judge offered no reason for removing the case from the Small Claims Part. Later, in his written decision dated September 13, 1993, he alluded to the need to reduce court congestion.[1]
After hearing testimony from both parties and their witnesses, Judicial Hearing Officer Maas awarded judgment to the plaintiff in the amount of $2,000 plus costs. Plaintiff’s legal victory was short-lived, however, for, on July 17, 1992, defendant’s attorney filed a demand for a trial de nova. A formal trial with all of the benefits and burdens of the Civil Practice Law and Rules was eventually scheduled for February 11, 1993 (almost one year after plaintiff had commenced her small claims action). At trial, as at the initial small claims appearance and the arbitration hearing, plaintiff represented herself. Defendant was represented by Janice Iati-Doak, Esq. After the close of proof, Judge Frank P. Geraci, Jr. dismissed the plaintiff’s claim, finding that the evidence failed to establish the defendant’s liability. At last, plaintiff did what she *541 apparently had sought to avoid doing, viz., she hired a lawyer. He moved to vacate the judgment on the ground, among others, that the court unlawfully deprived the plaintiff of the small claims hearing for which she had filed and paid. In a written decision dated September 11, 1993 (a year and seven months after Ms. Lortz had filed her small claims action), the Trial Judge denied her motion. He held that UCCA 1805 (b) placed no "statutorily sanctioned strictures upon the exercise of the court’s authority * * * to transfer a small claim to a regular part of the civil court”, and that, in any event, City Court has "the inherent power * * * to transfer a small claim to a regular part of the civil court”.
Plaintiff appeals from that decision and from the dismissal of her claim.
DISCUSSION
Small claims courts were established in New York State "to afford the small claimant an inexpensive and informal forum in which to settle legal claims in an expeditious manner”.[2] Claimants seeking money damages of $2,000 or less may pursue their claims in front of City Court Judges without an attorney, without formal rules of procedure and, usually, without waiting too long for their hearing in court.
The issue presented in this case is whether Rochester City Court has the authority arbitrarily, and without notice to and consent of the parties, to transfer cases out of a Small Claims Part and into the regular part of that court, where all actions for less than $6,000 are referred to mandatory arbitration and are subject to a party’s right to a trial de novo.[3] Both parties agree that the scope of the court’s authority to transfer cases derives from UCCA 1805 (b). It states: "The court shall have power to transfer any small claim or claims to any other part of the court upon such terms as the rules may provide, and proceed to hear the same according to the usual practice and procedure applicable to other parts of the court” (emphasis added).
By its very words and language this statute places restrictions on City Courts’ authority to transfer small claims cases; *542 it requires those courts to make and to follow conditions set out in rules. If the Legislature had intended to grant unlimited transfer power to City Courts, it easily could have done so by deleting the limiting language "upon such terms as the rules may provide” or by adding language that allowed no restrictions on the courts’ power to transfer cases. But it did not do so. To read the words otherwise requires an artificial and forced construction. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 94.) Indeed, such a reading flies in the face of binding principles of statutory construction. (See generally, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 91-98.)
Interpreting UCCA 1805 (b) to permit arbitrary transfer of small claims is inconsistent with other provisions of the Uniform City Court Act relating to small claims. For instance, UCCA 1805 (c) limits counterclaims to $2,000, the monetary jurisdiction of Small Claims Court. The purpose behind that provision, enacted in 1979, is to "eliminate the need for a transfer of the entire action to the regular, more formal part of the court in such cases and end the practice of some defendants of filing a frivolous counterclaim in excess of the permitted jurisdictional amount thereby frustrating the purposes for which small claims courts were established.”[4] A Legislature concerned about unjustified transfers of small claims by defendants and the resulting frustration of the legislative purpose would not likely intend that the courts be allowed to transfer cases at will and without reason.
UCCA 1806 states in part: "Any party to such action, other than the plaintiff, prior to the day upon which he is notified to appear or answer, may file with the court a demand for a trial by jury and his affidavit that there are issues of fact in the action requiring such a trial, specifying the same and stating that such a trial is desired and intended in good faith.”
Thus, the Legislature contemplated that the defendant must show a good reason to transfer a case out of the Small Claims Part. Moreover, this same party must post the statutory fee and an undertaking in the sum of $50 payable to the other party or parties guaranteeing payment of costs. Finally, such a case taken out of Small Claims Part "may be considered a preferred cause of action.” These protections — when one of the parties removes the action from Small Claims Part — are de *543 nied a plaintiff when the City Court removes the action from a Small Claims Part as it did here.
Professor David D. Siegel, a well-respected and thoughtful authority on civil practice in New York State, reads the statute in a similar fashion: "It takes some strong reason to deprive a legitimate small claim of the use of the small claims part without some specific authority.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 1805, at 292.)[5] Here, there was no reason — let alone a strong reason — for depriving the parties of the use of a Small Claims Part.
It is evident from the wording of the statute that the Legislature recognized that situations would arise where transfer of a small claim would be desirable and, therefore, permissible. Thus, section 1805 (b) leaves it to the courts to enact rules setting forth the terms upon which transfer may be based. Obviously rule making is meant to ensure that there will be thoughtful reasons for and predictable, consistent handling of, transfers. Arbitrary and capricious transfers have no place in the court system. Rules are designed to purge such arbitrariness; terms are designed to assure notice and predictability and, therefore, promote confidence in the fairness of the system. A just process and a just result are both equally important policy goals of a "system” of justice.
Small claims litigants have notice of the possibility of removal and transfer by virtue of the "black letter” of the law and, also, as a result of the small claims booklet which the Office of Court Administration prepares and makes available to the public. Not only is there no notice of the type of removal possibility here practiced, but, in reality, the Guide to Small Claims Court (rev 1994) published by the New York State Unified Court System actually is misleading as it applies to the practice exercised in this case (and apparently in scores of other cases in this court). This booklet advises potential litigants "[y]our case can be tried by an arbitrator if both sides agree” (at 4). Yet, here, that was not so. This booklet further advises the potential litigants that "[w]hen an arbitrator determines a case, the decision is final and there is no further appeal by either claimant or defendant” (at 5). Yet, here, that was not so. This booklet additionally advises the litigants "[y]ou cannot appeal if your case was tried by an arbitrator” (at 8). Yet here, that was not so.
*544 As might be expected, there is limited case law on point. The cases that have considered UCCA 1805 (b), however, support the conclusion that the statute does not confer upon City Courts arbitrary or unlimited transfer power. In Cherry v Coyne (96 Misc 2d 215 [1978]), the New Rochelle City Court struck down a practice that allowed defendants to remove cases from Small Claims Court by the mere payment of a $15 filing fee. The court found that such practice defeated "the purpose of small claims proceedings”. Judge Mermelstein held that "before such transfer can be made, application must be made to the court, as a condition precedent, and then granted upon a showing that the issues are complicated” (at 216). Judge Mermelstein thus promulgated a rule providing terms for transfer. (See also, Barilla v Gunn Buick-Cadillac-GMC, 139 Misc 2d 496, 505 [Oswego City Ct 1988].) This court agrees with the general principle recognized in Cherry that a litigant’s statutory right to a Small Claims Part hearing may not be arbitrarily denied. Unfortunately, Cherry (supra) and the decision of Rochester City Court in this case, both misquote UCCA 1805 (b). They both cite that statute as follows: "The court shall have power to transfer any small claim or claims to any other part of the court.”
In fact, the statute in relevant part states: "The court shall have power to transfer any small claim or claims to any other part of the court upon such terms as the rules may provide” (emphasis supplied).
The trial court in this case omitted the limiting words from its analysis. Professor Joseph Goldstein, analyzing United States Supreme Court judicial opinion writing, has stated: "Everything the court does rests on language. Words matter. They must be used with care”.[6] By the same token, words count and they should not be carelessly ignored.
This court holds, therefore, that UCCA 1805 (b) means exactly what it says.
Is there any rule anywhere that permits this type of transfer from a Small Claims Part to a regular part of Rochester City Court?
There is not.
22 NYCRR 210.41 (m) provides that small claims may be transferred to arbitration upon written consent of both par *545 ties.[7] Here there is no evidence that either party consented to arbitration in writing or otherwise. That they acquiesced in the court’s order was understandable.
Since Rochester City Court lacks the statutory authority to transfer small claims cases in the absence of rules and since there are no applicable rules, does it nevertheless have the "inherent power” relied upon by the Honorable Trial Judge?
It does not.
No case law exists which supports the existence of such power in this case. In fact, the opposite is true. As Judge Titone wrote in People v Mezon (80 NY2d 155, 159 [1992]): "To the extent that courts may have some discretion to adjust their procedures in areas involving the 'inherent nature of the judicial function,’ the courts may not exercise that discretion in a manner that conflicts with existing legislative command (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6, citing Riglander v Star Co., 98 App Div 101, affd 181 NY 531; and Cohn v Borchard Affiliations, 25 NY2d 237). Indeed, we have already held that trial court’s inherent power to control their own calendars does not include the power to 'depart from the clear wording of CPL 170.30’ (People v Douglass, 60 NY2d 194, 205).”
This case is no exception. Rochester City Court does not have any inherent power to depart from the clear wording of UCCA 1805 (b). Rules for transfer have to be promulgated properly and faithfully followed for the court to have the authority to transfer small claims to a regular part of City Court.
Here, Ms. Lortz filed her action in Small Claims Court and paid her $5.58 fee to the clerk. The defendant consented to being in Small Claims Court. They both were entitled to the small claims hearing — to an informal, inexpensive and expeditious resolution of their case. Instead, they were forced into an *546 unwanted arbitration and later had to retry the case in civil court where formal procedures and rules of evidence apply. The plaintiff’s inability to represent herself at this formal trial is noted in the trial court’s decision: She "had great difficulty in presenting her evidence due to the fact that she continuously asked improper questions.” It is true, as the trial court pointed out, that the plaintiff could have hired an attorney to represent her at the trial de nova. But one of the reasons the Legislature created small claims courts in the first place was to allow litigants to avoid the expense of hiring an attorney which, in many cases, exceeds the amount sought to be recovered. Most unfortunately both parties in this case were put through this procedure and were forced to watch the case age without grace for no stated reason. What was to be a simple and quick dispute resolution process turned out to be a complicated and slow continuous course of litigation.
This court had the privilege of serving in Rochester City Court for 11 years and is aware of the overwhelming caseloads both in small claims and other parts of that court shouldered by the Judges of that Bench. No doubt the court’s practice of transferring cases to the regular civil part alleviates this perceived burden to the extent it empirically exists. Concern for judicial economy, however, must not defeat basic principles of law. Law should assure predictability so that people may make informed and thoughtful choices. Court procedures must be consistent with statutes and administrative rules so as to further consistency and increase both the reality and the perception of fairness. These notions of law — fairness, notice, predictability — we have come to revere. We describe them by the term "due process of law”. In another context, but equally applicable here, the Honorable Peter McQuillan has written: "The frenetic urge to give the public the impression of speeding the disposition of serious criminal cases is no excuse for a court administrator to disregard permanent and essential principles.” (People v Little, NYLJ, Apr. 21, 1982, at 26, cols 1, 4 [Sup Ct, NY County].)
These permanent and essential principles of due process of law were disregarded in this case. Any good intentions underlying that disregard do not cure the problem. Indeed, as this case so poignantly illustrates, the cost of this procedure may entail the erosion of confidence in the fairness of the system of justice. This cost far outweighs any benefit gained by pushing a few small claims cases off the calendar more quickly or relieving Judges of a long day in court. Transfer of small *547 claims cases as practiced here by Rochester City Court is not authorized by any known or published rule, State statute or inherent power, defeats the very purpose of UCCA article 18 and violates due process of law.
CONCLUSION
UCCA 1805 (b) authorizes the Rochester City Court to transfer small claims to another part of the court "upon such terms as the rules may provide.” There was neither request by nor consent of the parties to transfer this case to a regular part of City Court, and there were no rules which authorized City Court to otherwise transfer the case as it did and which set the terms for such transfer. Thus, the transfer was unlawful and the proceedings which followed were carried out without legal authority. The court lacked jurisdiction to send the case to arbitration or to hear the trial de nova. Accordingly, the judgment of the trial court is reversed, the plaintiffs motion is granted and the case is remitted to Rochester City Court for a preferred calendar, small claims hearing.

. According to Connie R. Roselli, Deputy Chief Clerk of Rochester City Court, almost all article 18 small claims cases are now routinely transferred to a regular part of Rochester City Court where they must first be arbitrated before they may come in front of a Judge. Therefore with the exception of cases scheduled for Monday evening hearings, Small Claims Part in Rochester City Court for all intents and purposes has ceased to exist.

. Governor’s Mem approving L 1979, ch 79, 1979 McKinney’s Session Laws of NY, at 1766.

. (See, 22 NYCRR part 28.) A party who appears and loses at arbitration may request a trial in City Court — a trial de nova — where formal procedures and rules of evidence apply.

. Governor’s Mem approving L 1979, ch 77, 1979 McKinney’s Session Laws of NY, at 1766; see also, Mem of Senator Dunne, Bill Jacket, L 1979, ch 77.

. CCA 1805 is identical to UCCA 1805; see also, UJCA 1805.

. Goldstein, The Intelligible Constitution (1992).

. Three other rules refer tangentially to the transfer of small claims. Uniform Rules for Trial Courts (22 NYCRR) § 210.41 (1) provides that "a motion to remove a case from small claims part shall be assigned to a judge in the manner authorized by the Chief Administrator.” Another rule provides that mandatory arbitration shall not include those actions "commenced in small claims parts and not subsequently transferred to a regular part of court.” (22 NYCRR 28.2 [b].) Neither rule sets forth the terms upon which transfer of claims can be made. Finally, Uniform Rules for Trial Courts (22 NYCRR) § 208.41 (f), which calls for transfer of small claims where both parties are represented by counsel, does not apply to City Courts outside New York City.