OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law and facts, the accusatory instrument is reinstated, and the matter is remitted to the Justice Court for all further proceedings before a different judge.
The People charged defendant with violating Code of the Village of Westhampton Beach (the Code) § 197-30 by erecting, without a permit, a six-foot sign advertising her ice cream business. After her constitutional challenges to the relevant sections of the Code were rejected, the matter was adjourned for trial. On April 11, 2012, the adjourned date, the Justice Court, sua sponte, dismissed the accusatory instrument in the interest of justice (see CPL 170.40 [1]), citing the time and expense already expended on the matter and the fact that the offending sign had been removed during the pendency of the action. In response, the prosecutor stated only, “the People object.” On May 18, 2012, in response to the People’s “request ... to memorialize with clarity the numerous factors bearing on the Court’s determination,” the Justice Court issued a written order setting forth “the ultimate reasons ... for the dismissal” (People v Rickert, 58 NY2d 122, 128 [1983]; see CPL 170.40 [2]). The People appeal from this order, and we reverse the order and reinstate the accusatory instrument.
It is initially noted that the People cannot invoke the violation of their entitlement to a written motion and reasonable no *36 tice (see CPL 170.30 [1]; 170.40, 170.45, 210.45 [1]; People v Mezon, 80 NY2d 155, 160 [1992]) as a basis to reverse the order. Their objection, lacking the requisite specificity, was insufficient to make the People’s “position with respect to [a] ruling . . . known to the court” (CPL 470.05 [2]), and accordingly, to preserve the claim for appellate review (see People v Hawkins, 11 NY3d 484, 491-492 [2008]), and there was no motion for re-argument following either the order of April 11, 2012 or that of May 18, 2012 (People v Jennings, 69 NY2d 103, 113 [1986]).
However, we agree with the People that the Justice Court improvidently exercised its discretion when it dismissed the accusatory instrument pursuant to CPL 170.40 (1). “ ‘The discretionary authority to dismiss ... in furtherance of justice . . . should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution . . . would be an injustice’ ” (People v Graham, 39 Misc 3d 35, 37 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013], quoting People v Candelaria, 50 AD3d 913, 913 [2008]; e.g. People v Schellenbach, 67 AD3d 712, 713 [2009]; People v Rahmen, 302 AD2d 408, 409 [2003]; People v Gordon, 20 Misc 3d 133[A], 2008 NY Slip Op 51464[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also People v McAteer, 36 Misc 3d 159[A], 2012 NY Slip Op 51814[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012] [such relief should be granted only in those cases which “cry out for ‘fundamental justice beyond the confines of conventional considerations’ ”], quoting People v Harmon, 181 AD2d 34, 36 [1992]). In this inquiry:
“vague or conclusory reasons, unsupported by a record which gives them enough substance to clearly demonstrate the actual existence of at least some compelling factor, consideration or circumstance, will [not suffice]. . . .
“[W]hile [CPL 170.40] does not compel catechistic on-the-record discussion of items (a) through (j), . . . the need to show that the ultimate reasons given for the dismissal are both real and compelling almost inevitably will mean that one or more of the statutory criteria, even if only the catchall (j), will yield to ready identification” (People v Rickert, 58 NY2d at 128 [internal quotation marks omitted]).
Although in its written order of May 18, 2012 the Justice Court properly addressed the factors set forth in CPL 170.40 (1) (a)-(j), we find that the grounds set forth by the Justice Court, *37 “considered collectively as well as individually” (People v Rickert, 58 NY2d at 132), and upon “a sensitive balancing of the interests of the individual against the competing interests of the public” (People v Debiasi, 160 AD2d 952, 953 [1990]), do not justify the court’s circumvention of the broad discretion granted to the People to determine what offenses to charge and how to prosecute them (People v McAteer, 36 Misc 3d 159[A], 2012 NY Slip Op 51814[U], *2 [2012]; see People v Keith R., 95 AD3d 65, 67 [2012]; People v Litman, 99 AD2d 573, 574 [1984]; People v McConnell, 11 Misc 3d 57, 62 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Defendant has several times been convicted of the same or similar Code violations, and while the instant violation, a six-foot representation of an ice cream cone, may not, in and of itself, have caused serious harm to the community (see CPL 170.40 [1] [a], [b]), the offense implicates legitimate and substantial environmental, safety, and aesthetic values (see Code § 197-30 [A], [B]; Members of City Council of Los Angeles v Taxpayers for Vincent, 466 US 789, 805, 807 [1984]; People v On Sight Mobile Opticians, 40 Misc 3d 95, 99 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Further, the arbitrary dismissal of a charge where the “evidence of guilt” (CPL 170.40 [1] [c]) is compelling (as it was, in the opinion of the Justice Court), particularly in the case of a repeat offender (see CPL 170.40 [1] [h]), serves neither the interests of the penal sanction, which, in defendant’s case, were not furthered by the prior sentencing (CPL 170.40 [1] [f]; see People v Suitte, 90 AD2d 80, 83 [1982]), nor the fair and evenhanded administration of justice (CPL 170.40 [1] [h]). Finally, while the Justice Court may have been persuaded that defendant was “sincere[ly]” aware “that she is required to obtain a permit for such a sign,” that awareness has surely existed since her first conviction, several years before, for the same offense. Absent evidence of “any exceptionally serious misconduct of law enforcement personnel” in relation to this case (CPL 170.40 [1] [e]), or of “any other relevant fact indicating that a judgment of conviction would serve no useful purpose” (CPL 170.40 [1] []]), the dismissal under the circumstances presented cannot be considered a provident exercise of a court’s authority to dismiss a prosecution in the interest of justice.
Accordingly, the order is reversed, the accusatory instrument is reinstated, and the matter is remitted to the Justice Court for all further proceedings before a different judge.
Nicolai, P.J, Iannacci and Marano, JJ., concur.