The People of the State of New York, Appellant,
against
Jacqueline Knight, Respondent.




Nassau County District Attorney (Yael V. Levy, Ames C. Grawert of counsel), for appellant.
Nassau County Legal Aid Society (Jeremy L. Goldberg, David Bernstein of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (David W. McAndrews, J.), dated February 6, 2015. The order granted defendant's oral motion, pursuant to CPL 170.30 (1) (g), to set aside a jury verdict finding her guilty of driving while intoxicated (common law) and to dismiss that charge.




ORDERED that the order is reversed, on the law, defendant's oral motion, pursuant to CPL 170.30 (1) (g), to set aside the jury verdict finding her guilty of driving while intoxicated (common law) and to dismiss that charge is denied, and the matter is remitted to the District Court for sentencing on that conviction.
On May 23, 2012, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and several other Vehicle and Traffic Law violations. At a jury trial, the People's witnesses testified as to defendant's postarrest test of her blood alcohol content, which produced a reading of .13 of one per centum by weight of alcohol, to the indicia of actual intoxication that defendant exhibited, and to her admissions of alcoholic beverage consumption. Prior to its charge to the jury, the District Court granted the People's request, pursuant to Vehicle and Traffic Law § 1192 (9), to charge the jury with, in addition to driving while intoxicated (per se), driving while [*2]intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), over defendant's objection that the charge represented unfair surprise. The jury found defendant guilty of driving while intoxicated (per se) and driving while intoxicated (common law), and acquitted her of the remaining charges. 
After defendant was sentenced on the conviction of driving while intoxicated (per se), defendant orally moved, pursuant to CPL 170.30 (1) (g), to set aside the verdict finding her guilty of driving while intoxicated (common law) and to dismiss that charge. The People's opposition to the motion addressed only the sufficiency of the trial evidence to support the conviction. By order dated February 6, 2015, the District Court granted the motion on the sole ground that a judgment convicting defendant of driving while intoxicated (common law) "would serve no useful purpose." In a motion denominated as one for leave to reargue their opposition to defendant's motion, the People contended that the CPL 170.30 motion had been untimely; that defendant's motion had been improper because it had been made orally and without proper notice; that, in contravention of CPL 210.45, the People had been deprived of the opportunity to respond to defendant's motion in writing; that the court, invoking only one of the factors enumerated in CPL 170.40 (1), had failed properly to analyze the matter in terms of any of the remaining factors involved in an interest of justice dismissal; and that the facts do not support the granting of the motion on the merits. The reargument motion remains undecided. The People appeal from the February 6, 2015 dismissal order, arguing that the motion was untimely, that they were denied their right to a motion made "in writing and upon reasonable notice" as required by CPL 210.45 (1) (see People v Jennings, 69 NY2d 103, 113 [1986]; People v Leclair, 12 Misc 3d 133[A], 2006 NY Slip Op 51180[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), and that the motion was without merit and should have been denied.
The rule requiring a writing upon reasonable notice "exists to ensure that the People are adequately protected from unfair surprise and have sufficient opportunity to respond to the defendant's . . . claims . . . . The requirement of written motion papers serves the additional purpose of framing and narrowing the issues, enabling the prosecution to prepare an intelligent response" (People v Mezon, 80 NY2d 155, 160 [1992]; see also People v Littles, 188 AD2d 255, 256 [1992]; People v Doxey, 46 Misc 3d 144[A], 2015 NY Slip Op 50193[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; 34 Carmody-Wait 2d § 189:176). While the court erred in allowing an oral motion (see People v Stanback, 149 AD3d 876, 877 [2017]; People v Dunlap, 216 AD2d 215, 216-217 [1995]; People v Jack, 117 AD2d 753, 753-754 [1986]; People v Morisseau, 19 Misc 3d 59, 60 [App Term, 2d Dept, 2d & 11th Jud Dists [2008]), the People may waive their "right to demand written motion papers and reasonable advance notice in accordance with CPL 210.45 (1)" (People v Mezon, 80 NY2d at 159) "by neglecting to object at the proper time" (id. at 160; see People v Jennings, 69 NY2d at 113; People v Parker, 223 AD2d 179, 182-183 [1996]). The objections are preserved when the People "insist upon conformity with the procedural requirements of CPL 210.45 (1)" (People v Jennings, 69 NY2d at 113; see e.g. People v Brye, 233 AD2d 775, 776 [1996]; People v Cook, 193 AD2d 366, 369-370 [1993]; People v Parikh, 31 Misc 3d 152[A], 2011 NY Slip Op 51138[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
At sentencing, the prosecutor failed to object that the writing and notice requirements had been violated (e.g. People v Richman, 44 Misc 3d 34, 35-36 [App Term, 2d Dept, 9th & 10th [*3]Jud Dists 2014]; cf. People v Hunter, 36 Misc 3d 138[A], 2012 NY Slip Op 51440[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v McKiver, 24 Misc 3d 78, 79 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), nor did the prosecution "request the formality of any further hearing" (People v Singleton, 42 NY2d 466, 471 [1977]). Nevertheless, in light of People v Jennings (69 NY2d at 113 [the procedural mandates of a motion to dismiss are waived where the People fail "to complain of the flaws . . . by either raising the problem before (the trial court) . . . or moving for reargument within a reasonable time thereafter"] [emphasis added]), we conclude that the People's motion for reargument of the dismissal order, in which they raised the failure of defendant to comply with the requirements of CPL 210.45 (1), preserved the procedural objections (see People v Parker, 223 AD2d at 182-183; People v Cook, 193 AD2d at 369-370; People v Richman, 44 Misc 3d at 36; People v Bashkatov, 18 Misc 3d 127[A], 2007 NY Slip Op 52364[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Thus, the motion to dismiss the conviction of driving while intoxicated (common law) in the interest of justice should not have been entertained, and the order thereon should have been withdrawn upon the People's timely objection thereto on procedural grounds. Consequently, we reverse the order, reinstate the conviction of driving while intoxicated (common law), and remit the matter to the District Court for sentencing on that conviction with leave to defendant, if she be so advised, to move, prior to sentencing, to set aside the verdict (see CPL 330.30) on grounds including, but not necessarily limited to, whether, under the circumstances presented, the request to charge the jury with Vehicle and Traffic Law § 1192 (3) occurred under circumstances of surprise and undue prejudice to defendant's opportunity to defend, and, thereby, violated her right to due process.
We reach no other issue.
Accordingly, the order is reversed, defendant's oral motion, pursuant to CPL 170.30 (1) (g), to set aside the jury verdict finding her guilty of driving while intoxicated (common law) and to dismiss that charge is denied, and the matter is remitted to the District Court for sentencing on that conviction. 
MARANO, P.J., and GARGUILO, J., concur.
IANNACCI, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017