People v Ferguson (2022 NY Slip Op 02878)

People v Ferguson

2022 NY Slip Op 02878

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Ind No. 2061/11 Appeal No. 15838-15838A Case No. 2018-5608 2019-4563 

[*1]The People of the State of New York, Respondent,
v
Gregory Ferguson, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John S. Moore, J. at speedy trial motion; Martin Marcus, J. at jury trial and sentencing; Lester B. Adler, J. at motion to set aside the verdict), rendered January 24, 2018, convicting defendant of attempted murder in the second degree and burglary in the first degree, and sentencing him to an aggregate term of 14 years, unanimously modified, on the facts, to the extent of vacating the burglary conviction and dismissing that count, and otherwise affirmed. Order, same court (Marcus, J.), entered on or about January 7, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The attempted murder conviction was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification, including the resolution of discrepancies involving the victim's account of the shooting. The victim was very familiar with defendant, whom he knew as his ex-wife's friend, and had socialized with him many times. However, the burglary conviction was against the weight of the evidence because the People failed to prove that defendant's entry into the victim's apartment was unlawful. The People's own theory, as the prosecutor argued in summation, was that the victim's estranged wife allowed defendant to enter the premises in order to kill the victim. Given that the victim's wife co-owned the building and had a key to the apartment, the People did not meet their burden of proving that defendant did not obtain the owner's consent to enter (see People v Graves, 76 NY2d 16, 20 [1990]; compare People v Beard, 189 AD3d 2097 [4th Dept 2020], lv denied 36 NY3d 1095 [2021], with People v Schneiderman, 295 AD2d 137, 139 [1st Dept 2002], lv dismissed 98 NY2d 702 [2002]).
The trial court providently exercised its discretion in addressing discovery issues by granting curative measures that were sufficient to prevent prejudice, and defendant is not entitled to the drastic remedy of dismissal. The People did not disclose contact information for three men, one or more of whom had given the police a description, allegedly inconsistent with defendant's appearance, of a man fleeing the building where the shooting occurred. As a result, the court admitted otherwise-inadmissible hearsay as to the description (see People v Gainey, 200 AD3d 497, 497-98 [1st Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Jackson, 264 AD2d 683 [1st Dept 1999], lv denied 94 NY2d 881 [2000]). Furthermore, at the time of the trial two of the three men were still available as witnesses but the defense did not call them. With regard to missing evidence that the victim spoke with hospital staff and police about a hospital visitor he believed looked like the shooter, the court likewise provided a suitable remedy when it delivered an adverse inference and allowed defense counsel to question several witnesses about that matter[*2]. The adverse inference charge was appropriately permissive (see People v Handy, 20 NY3d 663, 669-670 [2013]), and defendant has not identified any basis for a mandatory adverse inference. Finally, defendant has not shown any reasonable possibility that earlier or more complete disclosure regarding the matters at issue would have affected the outcome of the case.
Defendant's speedy trial motion was properly denied. Defendant failed to establish that the People's off-calendar certificate of readiness was illusory (see People v Brown, 28 NY3d 392, 399-400 [2016]). The People answered ready on the next calendar date after filing the certificate, which was not rendered illusory by subsequent adjournments (see People v Acosta, 249 AD2d 161 [1st Dept 1998], lv denied 92 NY2d 892 [1998]), the prosecutor's later scheduling conflicts (see People v Anderson, 252 AD2d 399, 401 [1st Dept 1998], lv denied 92 NY2d 1027 [1998]) or matters related to discovery and trial preparation (see People v Wright, 50 AD3d 429, 430 [1st Dept], lv denied 10 NY3d 966 [2008]). The validity of the certificate renders academic defendant's argument concerning an adjournment that followed the court's decision on an omnibus motion.
After a hearing, the court properly denied defendant's CPL 330.30(2) motion to set aside the verdict on the ground of juror misconduct relating to alleged premature deliberations and a juror's failure to disclose certain matters during jury selection. The court properly allowed a juror to invoke his Fifth Amendment right against self-incrimination at the hearing. Although the juror could not have been criminally prosecuted for any of the misconduct at issue, and that fact rendered his affidavit inadmissible as a declaration against penal interest, his testimony at the hearing could have been "so inconsistent with prior statements under oath as to expose him to conviction for perjury" (People v Bagby, 65 NY2d 410, 413-414 [1985]). In addition, defendant failed to show that the juror's failure to disclose his criminal conviction and a pending prosecution against his brother "affected a substantial right of defendant" (People v Cabrera, 305 AD2d 263 [1st Dept 2003], lv denied 100 NY2d 560 [2003]).
The court providently exercised its discretion (see People v Samandarov, 13 NY3d 433, 439-440 [2009]) in denying, without a hearing, defendant's CPL 440.10 motion alleging ineffective assistance of counsel. The court had sufficient information upon which to determine that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]), and there was no factual dispute requiring a hearing (see People v Satterfield, 66 NY2d 796, 799-800 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022