People v Arriola (2023 NY Slip Op 51111(U))

[*1]

People v Arriola (Amado)

2023 NY Slip Op 51111(U)

Decided on October 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570502/18
The People of the State of New York, Respondent,
against
Amado Arriola, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J., at speedy trial motion; Steven M. Statsinger, J., at trial and sentencing), rendered July 19, 2018, after a nonjury trial, convicting him of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Joanne B. Watters, J., at speedy trial motion; Steven M. Statsinger, J., at trial and sentencing), rendered July 19, 2018, affirmed.
Although defendant's speedy trial motion was not made "upon reasonable notice to the people" as required by CPL 210.45(1), the People's failure to raise this issue below resulted in a waiver of the notice requirement (see People v Jennings, 69 NY2d 103, 113 [1986]; People v Cook, 193 AD2d 366, 369 [1993]).
On the merits, defendant's speedy trial motion was properly denied. Defendant failed to establish that the People's December 12, 2017 open-court statement of readiness was illusory (see People v Brown, 28 NY3d 392, 399-400 [2016]). The People's readiness was not rendered illusory by their delay in furnishing a DNA report to defense counsel (see People v Anderson, 66 NY2d 529, 543 [1985]; People v Ferguson, 204 AD3d 614, 616 [2022], lv denied 38 NY3d 1133 [2022]; People v Zale, 137 AD3d 634, 635 [2016], lv denied 27 NY3d 1141 [2016]; People v Wright, 50 AD3d 429, 430 [2008], lv denied 10 NY3d 966 [2008][FN1]
). The DNA evidence did not implicate defendant directly and was not necessary for the People to proceed to trial. A "criminal action should not be dismissed if the failure, although it affected defendant's ability to proceed with trial, had no bearing on the People's readiness" (People v Anderson, 66 NY2d at 534). Thus, the entire adjournment period from December 12, 2017 to February 5, 2018 was excludable as an adjournment at defendant's request pursuant to CPL 30.30(4)(b). When this period is excluded, the chargeable time is 40 days, which is under the statutory period of 60 days (see CPL 30.30[1][c]).
Inasmuch as defendant's speedy trial motion was based entirely on grounds set forth in CPL 30.30 and did not raise a constitutional issue, his constitutional claim is unpreserved (see People v Jordan, 62 NY2d 825 [1984]; People v Jeffries, 62 AD3d 530 [2009], lv denied 13 [*2]NY3d 745 [2009]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see People v Taranovich, 37 NY2d 442, 445 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 18, 2023

Footnotes

Footnote 1:Defendant pleaded guilty before the effective date of the revised discovery and speedy trial statutes.