People v Aguilar (2024 NY Slip Op 04834)

People v Aguilar

2024 NY Slip Op 04834

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Ind No. 2408/17 Appeal No. 2684 Case No. 2020-01033 

[*1]The People of the State of New York, Respondent,
v
Oscar Aguilar, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Raymond L. Bruce at CPL 30.30 motion, Lester B. Adler, J. at trial and sentence), rendered December 19, 2019, as amended December 23, 2019, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him to a term of three years, followed by five years of postrelease supervision, unanimously affirmed.
The court properly denied defendant's CPL 30.30 speedy trial motion. Notwithstanding the People's failure to produce him to court on prior dates, defendant did not meet his burden of demonstrating that the People's November 28, 2018 certificate of readiness, which is presumed truthful and accurate, was illusory by demonstrating that it "did not accurately reflect the People's position" on that date (see People v Brown, 28 NY3d 392, 404 [2016]). Defendant's challenge to the People's readiness is premised on their failure to produce him from federal custody for the court dates that followed his detainment by U.S. Immigration and Customs Enforcement during the pendency of this case. However, prior to declaring their readiness off-calendar on November 28, 2018, the People secured defendant's appearance for his next court date on January 15, 2019, by obtaining a writ of habeas corpus from the court to compel his production from federal custody, serving it on the relevant immigration authorities, and confirming with the facility where he was being housed that he would be produced on that date (see People v Mucciolo, 104 AD2d 905, 906 [2d Dept 1984]). While the People had answered not ready on the court date immediately preceding their statement of readiness on account of the assigned prosecutor's engagement in the trial of a separate matter, her trial had concluded by November 28, 2018. Under these circumstances, any impediment that prevented the People from stating ready on defendant's prior court date had been removed by the time they filed their November 28, 2018 statement of readiness during the following adjournment period, at which point they had "done all that [was] required of them to bring the case to a point where it may be tried" (People v England, 84 NY2d 1, 4-5 [1994]).
The People's readiness is supported by the record, which includes the prosecutor's affirmation attesting to the People's November 28, 2018 readiness (see People v Daniels, 36 AD3d 502, 502 [1st Dept 2007], lv denied 9 NY3d 842 [2007]), and documented proof of the People's efforts prior to filing their statement of readiness to ensure defendant's appearance for his next court date (see People v Lugo, 161 AD2d 122, 122 [1st Dept 1990], lv denied 76 NY2d 860 [1990]). The validity of the readiness statement is underscored by the People's continued readiness on the January 15, 2019 court date, when defendant was produced (see People v Ferguson, 204 AD3d 614, 616 [1st Dept 2022], lv denied 38 NY3d 1133 [2022]).
Defendant did not make any specific assertions raising factual disputes that would require a hearing[*2](see People v Hatcher, 228 AD3d 565, 565 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024