■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY SMITH and AL BROWN, Respondents. — Order, Supreme Court, Bronx County (Rosenberg, J.), entered November 20, 1981, granting defendants' motions to dismiss the indictment against them, pursuant to CPL 30.30, and overturning the judgments of conviction against Anthony Smith and Al Brown convicting them, after trial by jury, of robbery in the second degree (Penal Law, § 160.10, two counts), and assault in the second degree (Penal Law, § 120.05), is unanimously affirmed. Adjournments are not excludable just because the attorney for one defendant was present at a particular calendar appearance, and said that he was standing in for his cocounsel for the purpose of this adjournment, and it is clear that the reason for the adjournment had nothing to do with the absence of counsel for the codefendant. Excluding those adjournments as to which we think it is fairly debatable whether the time should be charged to the People, there still remain at least 105 days of nonexcludable time. On the question of acquiescence or waiver because everybody understood that the robbery case would follow the murder case (against defendant Smith), the Trial Judge found as a fact that there was no agreement or waiver. (The homicide prosecution was ultimately dropped.) There were some procedural irregularities about the defendant's motion to dismiss. But the trial court decided to overlook those irregularities and ultimately held the hearing for which the District Attorney was fully prepared. A motion to dismiss an indictment for violation of CPL 30.30 must be made pursuant to CPL 210.20 (subd 1, par [g]). (See CPL 30.30, subd 1.) Such a motion must be made "prior to the commencement of trial" (CPL 210.20, subd 2), and "must be made in writing and upon reasonable notice to the people. If the motion is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof" (CPL 210.45, subd 1). In the present case, the motion was

technically made before the commencement of trial, i.e., on the day that the *voir dire* of jurors was to commence. But this can hardly be said to have been made "upon reasonable notice to the people." Further, only one defendant, Brown, made the motion in writing; the other defendant then joined in orally. And the motion was not supported by sworn allegations. However, the court took the motions, postponed the hearing until after the trial and conviction, and then decided them on the merits. We cannot say that that was an abuse of the Trial Judge's discretion, particularly as the District Attorney does not appear to have objected to this procedure. It is ironic that defendants are able, when the case is called for trial, to claim (a) that they are not ready for trial, and (b) that they have been denied their right to a speedy trial. But it appears to be settled that these are within a defendant's rights. Concur — Ross, J. P., Carro, Asch, Silverman and Alexander, JJ.