*203 OPINION OF THE COURT
Simons, J.
Defendant has been convicted of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the second degree. The charges arose out of a barroom incident during which defendant approached a seated patron without preface and grabbed him about the neck in a hammerlock. As he did so, he placed a revolver against the victim’s forehead and pulled the trigger. Fortunately, the victim deflected the gun while struggling to get free and the shot injured him only in one eye and one ear. Defendant fired two other shots before the gun emptied. One bullet lodged in the ceiling and the other struck the victim in the thigh.
Defendant has not challenged the finding of guilt on this appeal and the only issue before us is procedural, whether a defendant may, with the permission of the court, defer a motion to dismiss based upon speedy trial grounds until after entry of a guilty verdict. The question arises because when the Calendar Judge assigned this case to a trial part counsel announced that defendant wished to move to dismiss the indictment based upon denial of his statutory right to a speedy trial (CPL 30.30, subd 1, par [a]). The Calendar Judge deferred the motion and counsel submitted a written motion after the trial. The Judge hearing the motion at that time held the procedure proper but ruled against defendant on the merits of his claim. The Appellate Division affirmed the conviction, rejecting defendant’s speedy trial claim without comment, but remanded the matter for resentencing (97 AD2d 718). Defendant has been resentenced and the order of the Appellate Division is now before us for review.
The Criminal Procedure Law provides that a motion to dismiss an indictment based upon a claimed denial of the right to a speedy trial must be made prior to the commencement of trial or the entry of a plea of guilty (CPL 210.20, subd 1, par [g]; subd 2). An oral application is not sufficient (see People v Key, 45 NY2d 111, 116; People v De Rosa, 42 NY2d 872, 873). The motion must be made in writing and upon reasonable notice to the People (CPL 210.45, subd 1). Failure to follow the statutory procedure results in a waiver of the claim (People v Key, supra; People v De Rosa, supra; People v Adams, 38 NY2d 605; see, also, People v Selby, 53 AD2d 878, affd 43 NY2d 791). Concededly, defendant’s pretrial motion was not in writing. Indeed, without a transcript of the proceedings before the Calendar Judge, it is not clear whether counsel made an oral motion to dismiss at that *204 time or merely stated his intentions. Because the motion was not timely and was not made in writing upon reasonable notice to the People, defendant waived his right to a dismissal on speedy trial grounds.
Defendant raises several points in opposition to a finding of waiver. First, he contends that the provisions of CPL 255.20 (subd 3) are applicable, thereby permitting the court to waive time requirements for certain motions. CPL 210.20 (subd 2) provides, however, that any motion except a motion based upon denial of the right to speedy trial should be made in the period specified in CPL 255.20 and, in the second sentence which does not refer to 255.20, that a speedy trial motion “must be made prior to the commencement of trial or entry of a plea of guilty.”
Under standard rules of construction, whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular provision is inapplicable (People v Mobil Oil Corp., 48 NY2d 192, 200; McKinney’s Cons Laws of NY, Book 1, Statutes, § 238). Inasmuch as the specific language of the statute directs that speedy trial motions must be made before commencement of trial or entry of a plea of guilty, neither the more general time provisions of 255.20 referred to in the first sentence of CPL 210.20 (subd 2) or the definitional section of CPL 255.10 should be read to expand the particular time provision for speedy trial motions.
Moreover, we find unpersuasive the contention in the dissent that the statute originally permitted the speedy trial motion to be made after the commencement of trial, and its view that no change was intended by the amendment (see dissenting opn, pp 209-210). When the Legislature amended the first sentence of CPL 210.20 (subd 2) to remove the time requirements for CPL 210.20 motions generally, it substituted a reference to CPL 255.20 and its discretionary provisions. When it amended the subdivision to delete the third sentence to remove the reference to the discretion of the court to entertain speedy trial motions after the commencement of trial, it did not add any similar reference to CPL 255.20 but left the statute in its present form. In the absence of any such reference, it may be assumed that the Legislature intended to distinguish speedy trial motions and that they intended that the motion should be made before trial commenced or a guilty plea was entered.
There is good reason for the distinction. The Legislature’s purpose in enacting CPL 255.20 was to regulate pretrial proceedings by requiring a single omnibus motion to be made *205 promptly after arraignment and thus to avoid the proliferation experienced under prior procedure in which a defendant could bombard the courts and Judges with dilatory tactics continuing right up to the eve of trial (see 1972 Report of NY Judicial Conference Advisory Committee on the CPL, 1973 McKinney’s Session Laws of NY, pp 2076-2077). A 45-day period to make the motion was deemed reasonable and CPL 255.20 offered some flexibility for motions dependent on the outcome of prior motions or necessarily delayed for other good cause. Motions to dismiss on speedy trial grounds were exempt from the provisions of CPL 255.20, however, because it would be highly unusual that the statutory period of delay could elapse within 45 days of arraignment. Thus, although subdivision 2 expressly incorporated the 45-day time period and the flexibility of CPL 255.20 into the statute for all other motions, it did not do so for speedy trial motions. They may be made at any time before commencement of trial or entry of a plea of guilty.
Moreover there are several reasons why speedy trial motions, unlike other pretrial motions, should be made before commencement of trial. First, the unexcused period of delay, six months or 90 days as the case may be, from the date of the filing of an accusatory instrument until the District Attorney announces the indictment ready for trial, are facts of record fully known or knowable to the defendant before trial and it is difficult to conceive of anything that could change to improve or alter the validity of defendant’s claim after the District Attorney announces his readiness on the record. Second, most pretrial motions and many of those listed in CPL 210.20 relate to defects in the prior proceedings which may affect the validity of the indictment, bar the prosecution or, as in the case of discovery and suppression, influence the ultimate determination of guilt or innocence (CPL 210.20, subd 1; 255.10, subd 1). Thus, as in the illustrations cited by the dissent, there may be good reason to grant relief after trial has commenced, even up to the pronouncement of sentence. The issues involved in a speedy trial motion, however, do not implicate such questions and there is no reason to permit motions during or after trial to ensure that the verdict is not infirm. Third, it should be observed that a 30.30 motion is a matter of legislative grace. The statutory right to dismissal granted a defendant if the prosecutor is not ready for trial, unlike a constitutional claim for denial of a speedy trial, is based upon policy reasons and does not require consideration of prejudice to defendant (see Barker v Wingo, 407 US 514, 530; People v Taranovich, 37 NY2d 442, 445). If defendant is to avail *206 himself of the benefits of CPL 30.30 then he should comply with the statutory requirements (see People v Sobotker, 61 NY2d 44). It makes little sense to squander the resources of the courts and the time and efforts of counsel, witnesses and jurors on a fool’s errand to determine guilt when the verdict may subsequently be vacated because of prosecutorial delay.
But even if we were to incorporate the provisions of CPL 255.20 and permit a court to entertain the motion for good cause at any time up to the imposition of sentence, we would necessarily find that the court abused its discretion as a matter of law in entertaining this motion (though it did not purport to exercise its discretion) because the record is devoid of any reason to grant defendant an extension of time to move. His counsel was well aware that he had grounds for the motion at least as early as October 9, 18 days before the case was sent to trial, and yet failed to submit it until after the trial. The only recognizable excuse for this failure was a one-day illness of defendant’s counsel on October 22. Manifestly, the motion could have been made before the commencement of trial and nothing in the record suggests any reason why it was not or why defendant should be excused for his failure to follow the explicit language of the statute as our decisions require (see People v Key, 45 NY2d 111, supra; People v De Rosa, 42 NY2d 872, supra). Unquestionably, he had an absolute right to make the motion on October 27, as the dissent notes. He also had the responsibility to make it and the court’s action in deferring the motion could not be characterized as “good cause” in any sense warranting an extension of counsel’s time to act under the provisions of CPL 255.20.
Defendant next contends that his rights have been preserved because the District Attorney failed to object to the Calendar Judge’s deferral of the motion until after trial on October 27. We disagree.
Generally, parties to litigation, even parties to a criminal prosecution, may adopt their own rules at trial by the simple expedient of failing to object to evidence offered or to except t;o instructions given the jury (see Matter of Brockway v Monroe, 59 NY2d 179,188; Martin v City of Cohoes, 37 NY2d 162; cf. Sega v State of New York, 60 NY2d 183, 190, n 2). Thus, there are decisions which have held the People bound by their failure to object to rulings of the court although the omission resulted in the imposition of a higher standard of proof upon them (see People v Malagon, 50 NY2d 954; People v Bell, 48 NY2d 913). Similarly, there are any number of statutory pretrial rights available to a criminal defendant which may be lost by inaction *207 (e.g., the right to a preliminary hearing [CPL 180.10]; the right in some instances to testify before the Grand Jury [CPL 190.50, subd 5]; the right to move for discovery [CPL 240.30]; etc.). The burden rests on the parties to protect their own rights by asserting them at the time and in the manner that the Legislature prescribes. Thus, we attribute no significance in this case to the District Attorney’s failure to object on October 27 to the actions of the Calendar Judge. The statute places the initiative on the defendant to proceed as it directs and even if counsel did assert his claim orally before trial, there was no motion before the court or under consideration by it which called for opposition by the People. They objected when the written motion was submitted after the trial and that was sufficient. The requirements of the statute are based upon the strong public policy to further orderly trial procedures and preserve scarce trial resources. Neither the court nor the parties may restructure the statute to adopt a procedure that is more convenient for them at the moment by waiving its clear provisions (see People v Selikoff, 35 NY2d 227, 238, cert den 419 US 1122; People v Lopez, 28 NY2d 148, 152) or agreeing to preserve defendant’s rights (see People v O’Brien, 56 NY2d 1009; People v Di Raffaele, 55 NY2d 234)
Accordingly, the order of the Appellate Division should be affirmed.