■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LOPEZ, Appellant. [602 NYS2d 642] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered March 7, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial disclosed that the defendant had engaged in a street fight with the victim and others. When the fight ended the defendant went to his car, returned with a gun, and fired one shot at the man with whom he had been fighting. The defendant continued to pull the trigger but the gun failed to discharge. As the victim's friend grabbed the defendant and tried to appease him, the defendant raised his gun and fatally wounded the victim. This evidence was legally sufficient to establish that the defendant acted with depraved indifference to human life (see, People v Register, 60 NY2d 270, cert denied 466 US 953; People v Santana, 163 AD2d 495, affd 78 NY2d 1027; People v Languena, 129 AD2d 587). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

By failing to submit a written motion to dismiss the indictment within 45 days after arraignment, the defendant waived his right to challenge the integrity of the Grand Jury proceeding within the meaning of CPL 210.35 (see, CPL 210.20 [1]; 210.45 [1]; 255.20 [1]; People v Lawrence, 64 NY2d 200, 203; People v Key, 45 NY2d 111, 116; People v De Rosa, 42 NY2d 872, 873). Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.