■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOODY, Appellant. [631 NYS2d 924] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered April 26, 1993, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the indictment should have been dismissed because one of the witnesses who testified at trial omitted from his Grand Jury testimony certain facts that would have warranted a justification charge and that would have materially influenced the Grand Jury's investigation and findings. By failing to make a written motion to dismiss the indictment, as instructed by the trial court, the defendant waived this claim of error *(see, People v Lawrence, 64 NY2d 200, 203-204; CPL 210.45 [1])*.

The defendant has not preserved for appellate review his contention that he was unduly prejudiced by the testimony of a witness who, it was later learned, had lied when she testified that she had seen the defendant shoot the victim *(see, CPL 470.05 [2])*. Defense counsel did not object to the witness's testimony but merely requested that the court compel the People to produce the witness's mother, who had indicated that the witness was elsewhere when the defendant shot the victim. Moreover, after the witness admitted that she had lied about seeing the shooting, the court struck her testimony, at defense counsel's request, and instructed the jury not to consider her testimony during its deliberations. Presumably, the jury followed the court's instruction *(see, People v Berg, 59 NY2d 294, 299-300)*.

The defendant's sentence is not excessive *(see, People v Suitte, 90 AD2d 80)*. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.