■ The People of the State of New York, Respondent, v Paul Prosano, Appellant. [719 NYS2d 55] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered May 7, 1997, convicting defendant, after a jury trial, of kidnapping in the second degree (two counts), burglary in the first degree (two counts), robbery in the first degree (three counts) and unlawful imprisonment in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 to 50 years, unanimously affirmed.

Defendant's motion to dismiss on the ground of pre-arrest delay was properly denied. The court properly found that this motion, made on the eve of trial and limited to events occurring prior to the commencement of the criminal action, was untimely (*see, People v Ramirez*, 243 AD2d 734, *lv denied* 91 NY2d 878, 929). The court also properly found that, in any event, the pre-arrest delay was not unconstitutional (*see, People v Singer*, 44 NY2d 241; *People v Taranovich*, 37 NY2d 442). The delay in arresting defendant was satisfactorily explained by the difficulty of the investigation, which was hampered by defendant's use of aliases (*see, People v Lesiuk*, 81 NY2d 485, 491).

The court properly exercised its discretion in permitting carefully limited cross-examination of defendant's wife on matters directly affecting her credibility that also suggested prior criminal activity on the part of defendant. The matters in question were not unduly prejudicial.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.