THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CHAPARRO, Appellant. [758 NYS2d 608] —Judgment, Supreme Court, New York County (Michael Obus, J., at suppression hearing and denial of dismissal motion; Arlene Silverman, J., at jury trial and sentence), rendered December 1, 1998, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 20 years to life and 4 to 12 years, respectively, unanimously affirmed.

Defendant's eve-of-trial motion to dismiss on the ground of preindictment delay was properly denied as untimely, since the motion was based on events occurring prior to the criminal action, and since defendant did not establish good cause for his belated motion (*People v Prosano*, 279 AD2d 329 [2001], *lv denied* 96 NY2d 833 [2001]). In any event, the motion was lacking in merit because there is no indication of bad faith by law enforcement or specific prejudice to defendant (*see People v Singer*, 44 NY2d 241 [1978]; *People v Taranovich*, 37 NY2d 442 [1975]). Defendant's flight to the Dominican Republic, and the fact that law enforcement authorities had no reason to be aware of his return to the United States, was the principal cause of the nine-year delay.

Similarly, trial counsel's failure to make a timely dismissal motion did not cause any prejudice to defendant, since the motion had little or no chance of success. On the totality of the record, we conclude that defendant received meaningful representation (*People v Benevento*, 91 NY2d 708, 713-714 [1998]).

Defendant's motion to suppress identification testimony was properly denied (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The photo array was not rendered impermissibly suggestive by the fact that defendant's

photograph was the only one with a height chart in the background, since the photos were otherwise similar and since they were displayed in a format that concealed the height chart. The lineup was not rendered impermissibly suggestive by a minor weight discrepancy, where the perpetrator's weight was not a factor in the identification.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility.

Defendant was not deprived of a fair trial by the prosecutor's reference in his opening statement to a witness who ultimately did not testify. There was no evidence of bad faith and no possibility that the brief mention of the witness could have caused any prejudice (see People v De Tore, 34 NY2d 199, 207 [1974], cert denied sub nom. Wedra v New York, 419 US 1025 [1974]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.