OPINION OF THE COURT
Andrew Borrok, J.
*255 The instant motion before this court brought under Criminal Procedure Law § 30.30 seeks dismissal of the pending charges on the grounds that defendant’s statutory rights to a speedy trial have been violated and challenges the effectiveness of the People’s off-calendar statement of readiness (SOR) sent by certified mail to defense counsel to the address that defense counsel maintains with the New York State Unified Court System Attorney Registry (the Attorney Registry). The People oppose the motion. For the reasons set forth below, the defendant’s motion is denied.
The Relevant Facts and Circumstances
The defendant is charged with assault in the third degree (Penal Law § 120.00 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]), attempted assault in the third degree (Penal Law §§ 110, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]).
On Friday, December 2, 2014, the defendant was arraigned. At the arraignment, defense counsel served a notice of appearance (the NOA) on a duplicate form. The top copy of the NOA was stamped with an address for defense counsel but that stamp did not penetrate to the second page of the NOA (i.e., the copy which defense counsel served on the People), which copy was entirely blank. That stamp, and the address defense counsel stated on the record, is 26 Court Street, Brooklyn, New York. (Tr at 2, lines 6-7, Arraignments Part 3 [Dec. 2, 2014]; defense affirmation at 3.) The address on the first page of the NOA form is different than the address that defense counsel maintained as his address of record with the Attorney Registry. The address that defense counsel maintained with the Attorney Registry is 26 Broadway, Suite 810, Brooklyn, New York. On December 2, 2014 the matter was adjourned to Wednesday, January 14, 2015 for a supporting deposition. Both the People and the defendant agree that the 43-day period between December 2, 2014 and January 14, 2015 is chargeable to the People as non-excludable time for CPL 30.30 purposes.
On January 14, 2015, the People still did not have a supporting deposition and the matter was further adjourned to March 10, 2015. However, on February 3, 2015, the People purportedly served on defense counsel via certified mail, and on February 4, 2015, filed with the court, an SOR and the appropriate supporting deposition (collectively, the February 4th SOR). The *256 People argue that only 20 additional days are chargeable to the People as non-excludable time under CPL 30.30 because they made a good faith effort to serve the February 4th SOR upon defense counsel by mail to the address defense counsel maintains with the Attorney Registry on February 3, 2015 and filed it with the court on February 4, 2015. (People’s affirmation at 10.1[1] Defense counsel now argues that because the People served the February 4th SOR to the address that he maintains with the Attorney Registry and not the address which was stamped on the first page of the NO A, the February 4th SOR was improperly served and the People were therefore not ready for trial as of February 4, 2015 and have in fact never been ready for trial within the time required under CPL 30.30.
On Tuesday, March 10, 2015, the People indicated that they were ready, referencing their February 4th SOR, and served and filed discovery materials (DBS). Defense counsel noted on the record that he had never received the February 4th SOR. The court, however, indicated that the People were ready and further adjourned the matter until Tuesday, April 21, 2015, a date that was agreed upon by both the People and the defendant for hearings and trial. Notably, at the March 10, 2015 appearance, when the parties agreed upon an April 21, 2015 trial date and eight days after the defendant argued that the time permitted under CPL 30.30 had elapsed, the defendant did not raise by motion or otherwise his CPL 30.30 speedy trial issue. (Tr, All Purpose Part 2 [Mar. 10, 2015].) It is not disputed that if the People were ready on February 4, 2015[2] (i.e., the date that the February 4th SOR had both been sent to defense counsel and filed with the court), no portion of the time between February 4, 2015 and April 21, 2015 was chargeable to the people as non-excludable time for CPL 30.30 purposes.
On Monday, March 13, 2015, the February 4th SOR that had been sent certified mail to defense counsel to the address that defense counsel maintains with the Attorney Registry was returned to the People as undeliverable.
On Tuesday, April 21, 2015, the People announced that they were not ready for hearings and trial as the People needed one *257 additional week to investigate a new Administration for Children’s Services (ACS) case involving the defendant. Consequently, the case was adjourned yet again to Tuesday, May 12, 2015 for hearings and trial. The People concede that the seven days requested by the People are chargeable to the People as non-excludable time for CPL 30.30 purposes.
On May 12, 2015, the People indicated that they were ready to proceed with appropriate hearings and to go to trial. The defendant indicated that he had mailed the instant CPL 30.30 motion to the People on May 11, 2015 and was filing the same with the court arguing that over 90 days of non-excludable time is chargeable to the People from the date of arraignment and that therefore the matter should be dismissed. (Defendant’s affirmation at 14.)
The court scheduled the People’s opposition papers to the defendant’s motion to be filed on May 26, 2015, indicated that the defendant could serve and file a reply by June 2, 2015, and adjourned the case for all purposes until June 16, 2015.
On June 3, 2015, the People served and filed their affirmation and memorandum of law in opposition to defendant’s motion to dismiss arguing that (i) the defendant’s motion was not timely as it had been served on May 12, 2015, the day of trial and (ii) that only 70 days that are chargeable under CPL 30.30 had elapsed. On June 8, 2015, the defendant served and filed his reply affirmation with the court arguing, inter alia, that the defendant’s motion was served on May 11, 2015 (i.e., and not May 12, 2015 as the People aver) and that the motion is in fact timely.
On June 16, 2015, the matter was again adjourned until July 16, 2015 for the court’s decision and hearings and trial.
The controlling issue in this case is whether service of an SOR and supporting deposition to the address defense counsel maintains as his address of record with the Attorney Registry is valid.
Discussion
The Defendant’s CPL 30.30 Motion is Timely
Except as otherwise provided by law, all pretrial motions must be served or filed within 45 days after arraignment and before commencement of trial or within such additional time as the court may fix prior to the entry of judgment. (CPL 255.20.) Inasmuch as this is not possible with respect to CPL 30.30 (1) *258 (b) speedy trial motions where the highest crime charged is a misdemeanor and the motion is not yet ripe,[3] motions to dismiss on the grounds that the defendant has been denied his or her right to a speedy trial must be made prior to the commencement of trial or entry of a plea of guilty. (CPL 170.30 [1] [e]; [2].) A jury trial commences with the selection of the jury and a non-iury trial commences with the first opening address. (CPL 1.20 [11].)
The People argue that the defendant’s motion is not timely and was not made upon reasonable notice to the People citing People v Lawrence (64 NY2d 200, 203 [1984]), where the Court indicated that the “[fjailure to follow the statutory procedure results in a waiver of the claim.” However, the People’s reliance on People v Lawrence is misplaced.
The critical issue in People v Lawrence was whether the defendant could, with permission of the court, make a motion to dismiss based upon speedy trial grounds after entry of a guilty verdict. In People v Lawrence, the defendant had 18 days’ notice before the case was sent to trial to file his speedy trial motion. The court held that having failed to bring his speedy trial motion in writing and upon reasonable notice to the People prior to the commencement of trial and in accordance with the statutory procedure, the defendant had waived his right to dismissal on speedy trial grounds. Moreover, the Lawrence court explicitly indicated that the defendant in that action had the absolute right to make his speedy trial motion on October 27, the day his case was sent from a calendar part to a trial part.
The People also cite People v Weaver,[4] People v Jung Min [5] and People v Smith.[6] These cases also involve later stages of the criminal proceeding. In Smith, the defendants were charged with, among other things, robbery in the second degree. The case had been sent to a trial part and on the day jury voir dire was to commence, a written speedy trial motion was made with respect to one of the defendants and an oral application was made to join in that motion as to the other defendant. In that case, the court took the motions and decided the motions in the trial judge’s discretion following the trial and convictions.
*259 In Weaver, the codefendants were charged with criminal sale of a controlled substance in the third degree and a mistrial was declared on January 23, 1989. When a mistrial is declared, the period that the People must be ready commences on the date the mistrial was ordered. (CPL 30.30 [5] [a].) Approximately one month later when the new trial was scheduled to commence and a panel of prospective jurors were waiting outside the courtroom and where the time the People were required to be ready was within six months of the date the mistrial was ordered, the trial court found under the facts and circumstances of that case that the defendant’s motion was untimely and merely a delay tactic and therefore denied the motion.
In the instant matter, although clearly the defendant could have made his speedy trial motion during any one of the 71 days between March 2, 2015 (i.e., the 90th day following his arraignment) and May 12, 2015, the day his case was calendared for hearings and trial where the People were ready to proceed, including two other calendar appearances (i.e., Mar. 10, 2015 and Apr. 21, 2015) made following the time in which the defendant alleges that the permitted time pursuant to CPL 30.30 had passed, the court finds that the defendant’s motion is in fact timely as the trial had not yet commenced as defined in the CPL. However, filing a motion on the day a case is calendared for hearings and trial is not a legitimate excuse for a lack of readiness to proceed to trial as the court may rule on the motion without granting an adjournment and continue with appropriate hearings, if any, and trial.
The legislature has provided clear rules for pretrial motions with a view towards ending bombarding the courts with last minute motions and other dilatory tactics. For example, and as the Lawrence court clearly stated:
“The Legislature’s purpose in enacting CPL 255.20 was to regulate pretrial proceedings by requiring a single omnibus motion to be made promptly after arraignment and thus to avoid the proliferation experienced under prior procedure in which a defendant could bombard the courts and Judges with dilatory tactics continuing right up to the eve of trial (see 1972 Report of NY Judicial Conference Advisory Committee on the CPL, 1973 McKinney’s Session Laws of NY, pp 2076-2077)” (64 NY2d at 204-205).
*260 Although as discussed above, speedy trial motions are exempt from the 45-day post arraignment requirement, the reason for the exemption stems specifically from the fact that a motion to dismiss on speedy trial grounds is not likely to be ripe within the 45-day period following the defendant’s arraignment. The exclusion is not an escape route in the CPL for trial avoidance. Simply put, the facts underlying the unexcused period of delay are fully knowable to the defendant and the defendant may in accordance with the CPL make his or her motion prior to the commencement of trial. Equally so, the court may be able to review the motion, decide the motion on the merits and then proceed with any required hearings and trial and a defendant may not then claim that he is not ready to proceed to go to hearings and trial as a result of having filed his CPL 30.30 motion on the day that trial is scheduled to commence.
Defendant’s CPL 30.30 Speedy Trial Rights
The highest charge in the accusatory instrument determines the applicable statutory speedy trial time. (CPL 30.30 [1]; People v Walton, 165 Misc 2d 672, 674 [Crim Ct, Richmond County 1995].) In this case, the highest crime charged, Penal Law § 120.00 (1), assault in the third degree, is a class A misdemeanor. Class A misdemeanors are punishable by a sentence of imprisonment not to exceed one year. (Penal Law § 70.15 [1].) A speedy trial motion must be granted where the People are not ready for trial within 90 days of commencement of the criminal action where a defendant is charged with a misdemeanor punishable by a sentence of imprisonment of more than three months. (CPL 30.30 [1] [b].)
Initially, the defendant bears the burden of showing that there has been an inexcusable delay beyond the time allotted by the statute. (People v Santos, 68 NY2d 859, 861 [1986].) Once the defendant has made the requisite showing, the People must demonstrate sufficient excludable time in order to withstand a motion to dismiss. (Id.)
The People are ready for trial when they communicate their actual readiness in open court or file with the court and serve on defense counsel a statement of actual readiness. (People v Kendzia, 64 NY2d 331, 337 [1985].) The People cannot be ready for trial until they have converted a misdemeanor complaint to an information. (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990].) For the purposes of CPL 30.30, the People must communicate their readiness for trial either by means of a “statement of readiness by the prosecutor in open court, transcribed *261 by a stenographer, or recorded by the clerk,” or by means of “a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record.” (Kendzia, 64 NY2d at 337.)
In People v Carter (91 NY2d 795, 799 [1998]), the New York State Court of Appeals held that where the defendant was indicted and the People served a prearraignment statement of readiness to the defendant’s last known address, that notwithstanding that the defendant had moved and that the defendant’s last known address was not the defendant’s then current correct address, the notice was valid. The Court stated, “[i]n the absence of proof that the readiness statement did not accurately reflect the People’s position or that the mailing was made in bad faith, the People discharged their duty under CPL 30.30.” (Id.)
In People v Osorio (39 AD3d 400 [1st Dept 2007]), the Court found that the SOR was effective when it was mailed to an attorney who had appeared in court for the defendant on numerous occasions but who was not the attorney who had been assigned to represent the defendant in the matter before the court because “both attorneys were employed by the same institutional defender at the same address, and there is no evidence that the People acted in bad faith.” (Id. at 401.)
In People v Odjody (35 Misc 3d 1221 [A], 2012 NY Slip Op 50804[U] [Crim Ct, Kings County 2012]), the court held that the SOR was effective even though it was mailed to an attorney from an institutional public defender who appeared at the arraignment for the defendant and not to a different attorney the defendant had retained because the new attorney’s notice of appearance was not placed in the court file until after the SOR was served and filed.
Attorneys as part of their biennial registration with New York State must provide and maintain with the Office of Court Administration valid contact information and must update any change of address within 30 days. (Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] part 118.)
The purpose of the Attorney Registry is to put the world on notice of the record address of the attorney for the purpose of service of process or receipt of court or other papers. The requirement to update the attorney registry is not a requirement without meaning or purpose. The sole person who both maintains the address and is obligated to (and can) update the address within 30 days of any change in the attorney’s record *262 address is the attorney himself. In addition, although apparently not the case here, a lawyer can have multiple offices— any of which relied upon in good faith should be valid for the purpose of receiving service of process/papers. Moreover, inasmuch as defense counsel delivered a blank notice of appearance to the People, and having failed to either update his address with the Attorney Registry[7] or make clear that his Attorney Registry address was not a valid second office or that his only address for the purpose of service of process/papers was his 26 Court Street office, the People had every reason to rely upon the Attorney Registry when they in good faith attempted to timely serve (on the 63rd day following the defendant’s arraignment) the February 4th SOR well within the 90 days permitted under CPL 30.30.
- The People did nothing to prejudice the defendant and were ready within the required period provided for in CPL 30.30. This court agrees that the People made good faith service of the February 4th SOR on February 3, 2015 to the address that defense counsel maintains with the Attorney Registry as his address and filed the February 4th SOR with the court on February 4, 2015, the 64th day following the defendant’s arraignment. Accordingly, there was not a failure on the part of the People to be ready for trial within the time required under CPL 30.30. To find otherwise would essentially grant the defendant a windfall on account of his attorney’s failure to properly maintain (and update) his address with the Attorney Registry as required by law. Therefore, for the period commencing on January 14, 2015 until February 4, 2015 (i.e., the day that the People had both served and filed the February 4th SOR), only 21 days are chargeable to the People as non-excludable time for CPL 30.30 purposes and as of the March 10, 2015 calendar appearance, the People had only 64 days of nonexcludable time under CPL 30.30.
A reasonable adjournment to prepare for hearings and trial is excludable for CPL 30.30 purposes. (People v Greene, 223 AD2d 474 [1st Dept 1996], lv denied 88 NY2d 879 [1996]; People v Hernandez, 268 AD2d 344 [1st Dept 2000], lv denied 95 NY2d 853 [2000]; People v Lucas, 25 Misc 3d 1213[A], 2009 NY Slip *263 Op 52085[U] [Crim Ct, Kings County 2009].) Therefore, during the period between March 10, 2015, when the People served DBS and the court indicated that the People were ready for trial, and April 21, 2015, the day the matter was adjourned to for hearings and trial, no additional time was chargeable to the people for CPL 30.30 purposes.
Following any such reasonable adjournment for hearings and trial, delays can be chargeable to the People only if the People are not ready to proceed on a scheduled court date. (People v Anderson, 66 NY2d 529 [1985].) For CPL 30.30 purposes, specific adjournments requested by the People are chargeable as non-excludable time but adjournments that extend beyond the specific adjournment requested by the People are excluded time. (People v Bruno, 300 AD2d 93, 95 [1st Dept 2002], lv denied 100 NY2d 641 [2003]; People v Dushain, 247 AD2d 234, 236 [1st Dept 1998], lv denied 91 NY2d 1007 [1998].) For example, if the matter is on the court’s calendar for hearings and trial and the People indicate they are “not ready” to proceed and request a specific adjournment of seven days and, due to calendar conflicts, the next court date is scheduled for the eighth day, only seven days and not eight are charged as non-excludable time for CPL 30.30 purposes. On April 21, 2015, the People indicated that they were not ready for trial and requested seven days to investigate a new ACS case involving the defendant. The matter was adjourned to May 12, 2015 for hearings and trial. For CPL 30.30 purposes, the seven-day period actually requested by the People (i.e., and not the 21 days between Apr. 21, 2015 and May 12, 2015) is chargeable as non-excludable time. Therefore, as of May 12, 2015, a total of 71 days were chargeable to the People as non-excludable time for CPL 30.30 purposes.
An adjournment for motion practice and the period during which defendant’s motion is “under consideration by the court” is excludable time. (CPL 30.30 [4] [a]; People v Stewart, 57 AD3d 1312, 1314 [3d Dept 2008].) On May 12, 2015, when the People indicated that they were ready for trial, the defendant served and filed the instant motion to dismiss the pending charges pursuant to CPL 30.30. Therefore, the period from May 12, 2015 until July 16, 2015, the date scheduled for this court’s decision and for hearings and trial, is thus excludable time under CPL 30.30.
*264 Conclusion
In sum, this court finds that the People are charged with 71 days of non-excludable time. Accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 (1) (b) is denied.

. In fact, because the People had both served on defense counsel and filed with the court the February 4th SOR on February 4, 2015 and not February 3, 2015 when only defense counsel had been served, during the period commencing on January 14, 2015 and ending on February 4, 2015, 21 days and not 20 days are chargeable to the People under CPL 30.30.

. See n 1, supra.

. CPL 30.30 (1) (b).

. 162 AD2d 486 (2d Dept 1990).

. 31 Misc 3d 1203(A), 2011 NY Slip Op 50477(U) (Crim Ct, NY County 2011).

. 91 AD2d 928 (1st Dept 1983).

. The court notes that defense counsel indicates that he relocated from 26 Broadway, Suite 810, Brooklyn, NY to 26 Court Street, Brooklyn, NY as of September 9, 2013, approximately one year and three months (or a total of 449 days) prior to the defendant’s arraignment. (Defendant’s affirmation at 4.)