People v Scott (2023 NY Slip Op 06261)

People v Scott

2023 NY Slip Op 06261

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-12740
 (Ind. No. 8457/17)

[*1]The People of the State of New York, respondent,
v
Eugene Scott, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered September 24, 2019, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial before a different Justice.
In 2017, the defendant was charged by indictment with murder in the second degree, among other crimes. While the matter was pending, the defendant submitted to the Supreme Court a writing, dated December 24, 2018, in which he claimed that he had had no conferences or meetings with his assigned counsel, that counsel had failed to appear in court on several control dates, that there had been a complete breakdown in communication between the defendant and counsel, and that counsel's omnibus motion contained numerous factual inaccuracies. The defendant also requested a six-week adjournment to attempt to secure representation from a particular attorney who purportedly had agreed to represent the defendant.
At a pretrial proceeding on January 4, 2019, the Supreme Court summarily denied the defendant's application without making any inquiry. During a subsequent appearance, in June 2019, the defendant read a lengthy statement in which he recounted that his prior application was denied and listed his reasons for not wanting to be represented by his assigned counsel. Following a jury trial that started later that month, the defendant was convicted of murder in the second degree. The defendant appeals from the judgment of conviction.
"[T]he right to counsel, guaranteed by both the Federal and State Constitutions, embraces the right of a criminal defendant to be represented by counsel of [one's] own choosing. As a necessary corollary to this right, a defendant must be accorded a reasonable opportunity to select and retain [one's] counsel" (People v Arroyave, 49 NY2d 264, 270 [citations omitted]). A defendant's right to be defended by counsel of one's own choosing is "qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (id. at 271). "Whether a continuance should be granted is largely within the discretion of the Trial Judge, and the [*2]question whether a defendant has been denied his right to retain counsel of his own choosing can only be answered by examining the particular facts of each case" (id. [citations omitted]).
Moreover, the court has a duty to consider a motion to substitute counsel where a defendant makes "a seemingly serious request[ ]" (People v Porto, 16 NY3d 93, 100 [internal quotation marks omitted]). "Therefore, it is incumbent upon a defendant to make specific factual allegations of serious complaints about counsel. If such a showing is made, the court must make at least a minimal inquiry, and discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement or its potential for resolution" (id. at 100 [citation and internal quotation marks omitted]).
Under the particular facts of this case, the Supreme Court's conduct in summarily denying the defendant's application for an adjournment, without conducting any inquiry, and telling him that the court would not relieve assigned counsel and that his alternative was to represent himself pro se, violated the defendant's right to counsel (see People v Walker, 29 AD2d 973, 973-974; see also People v Sides, 75 NY2d 822, 824-825; People v Rohadfox, 114 AD3d 1217, 1218-1219; see generally People v Arroyave, 49 NY2d 264).
In view of our determination, we need not reach the defendant's remaining contentions.
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial before a different Justice.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court