People v Teh Cheng (2025 NY Slip Op 25145)

[*1]

People v Teh Cheng

2025 NY Slip Op 25145

Decided on June 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on June 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570190/24

The People of the State of New York, Respondent,
against
Teh Cheng, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Zhou Wang, J.), rendered November 13, 2023, after a nonjury trial, convicting him of sexual abuse in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Appeal from judgment of conviction (Zhou Wang, J.), rendered November 13, 2023, held in abeyance, and the matter remanded to Criminal Court for further proceedings in accordance herewith.
Defendant contends that Criminal Court erred in denying his pretrial motion to invalidate the People's certificates of compliance [COCs] and to dismiss on statutory speedy trial grounds. He further alleges that the court erred in denying his renewed challenges to the COCs when undisclosed discoverable material was revealed after the trial commenced.
With respect to the pretrial motion, defendant contended that the COCs were illusory because the People failed to disclose certain automatically discoverable documents, including Officer Thomas Nethaway's activity log/memo book, police disciplinary records including three IAB logs for Detective Steven Clarke, and four pages of handwritten notes pertaining to an interview it conducted with Molineux witness Sophie Zhang, which included statements by complainant and defendant. In a written decision, Criminal Court denied the motion, finding that the People had made "a good faith effort to comply with their discovery obligations."
Defendant renewed his motion to invalidate the COCs during trial when the prosecutor revealed, for the first time, the existence of the District Attorney's Witness Aid Services Unit [WASU] records from its offices for four prosecution witnesses, which included, among other things, text messages between the witnesses and confirmation that witness fees were paid. The court held that defendant could not challenge the COCs after the trial commenced, but granted an adverse witness charge.
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). "[W]hile good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (People v Bay, 41 NY3d at 212).
Here, with respect to the pretrial motion, the court erred in using a good faith-only standard. The court did not consider whether the People exercised due diligence within the meaning of CPL 245.50, that is, whether they made "'reasonable efforts' to comply with [the] statutory directives," and "'ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 NY3d at 211). 
With respect to the discovery turned over mid-trial by the People, the court should have ruled on defendant's renewed challenges to invalidate the COCs. Even assuming the court properly determined that defendant was precluded from filing a new CPL 30.30 motion at that time (see People v Lawrence, 64 NY2d 200 [1984]), there was no time bar to filing a challenge to the COCs given the People's mid-trial disclosure of the existence of WASU records (see CPL 245.50 [4] [c] ["[c]hallenges related to the sufficiency of a certificate of compliance or supplemental certificates of compliance shall be addressed by motion as soon as practicable"]). 
In these circumstances, we hold the appeal in abeyance and remit the matter to determine whether the People's COCs were proper pursuant to CPL 245.50, upon further submissions, if warranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2025