People v Roper

2026 NY Slip Op 02365

April 21, 2026

Court of Appeals

Garcia, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People & c., Respondent,

v

Naim Roper, Appellant.

Decided on April 21, 2026

No. 32

Clara Hammond-Oakley, for appellant.

Larry Glasser, for respondent.

The Bronx Defenders, amicus curiae.

Garcia, J.

[*1]

Defendant's CPL 30.30 motion, made in writing before his bench trial on misdemeanor charges began, was timely and provided the People with reasonable notice. The Appellate Division erred in upholding the trial court's summary denial of that motion,

and we therefore reverse and remit for further proceedings on the motion.

Defendant, who was serving a sentence at Rikers Island, allegedly assaulted a corrections officer in January 2011. Six months later, defendant was charged with third degree assault and menacing, second degree harassment, and second degree obstruction of governmental administration. The court set a number of trial dates, and several times the People answered not ready, but thereafter filed off-calendar statements of readiness. At one point, the court alluded to speedy trial concerns, noting that it might be necessary "to release the defendant on 30.30 grounds." At the next court date, the court expressed its belief that the following day "was the last day" of the statutory period and stated that the People "ha[d] to be ready next time." A week later, on July 23, 2012, nearly a year after defendant was charged, both parties answered ready in court. The judge in the calendar part adjourned the case to the next morning when a trial part would be available.

The next day, defense counsel informed the judge in the calendar part and the People that she intended to file a speedy trial motion pursuant to CPL 30.30 (1) (b). The People refused to accept the motion. The calendar part judge told the parties that he would "handle the 30.30 application if the judge in [the trial part] doesn't want to do it" [*2]and made a note of the pending motion in the court file, writing that defendant had "file[d]" a 30.30 motion and that he would "handle this."

That afternoon, the parties appeared in the trial part. Defense counsel again attempted to make the speedy trial motion. The judge denied the written motion as untimely and lacking notice to the People. After the People reduced the charges to attempted assault in the third degree, menacing, and harassment, the case proceeded to a bench trial. After hearing testimony from the corrections officer and defendant, the court found defendant guilty on all counts. Defense counsel's attempt to resubmit her speedy trial motion was rejected after the court acknowledged that the judge in the calendar part had accepted the motion, and defendant was then sentenced to concurrent terms of 90 days on the attempted assault count, 90 days on the menacing charge, and 15 days on the harassment violation.

On appeal, the Appellate Division affirmed the judgment, declining to disturb the lower court's refusal to hear the speedy trial motion and holding that "[t]he court properly denied defendant's CPL 30.30 motion, after the case was sent out for trial, as untimely and not made upon reasonable notice to the People" (231 AD3d 491, 492 [1st Dept 2024]). A Judge of this Court granted leave to appeal (42 NY3d 1082 [2025]), and we now reverse.

A motion to dismiss must be granted "where the People are not ready for trial within ninety days of" the commencement of misdemeanor charges (CPL 30.30 [1] [b]). Defendant was required to file his 30.30 (1) (b) speedy trial motion "prior to the commencement of trial or entry of a plea of guilty" (CPL 170.30 [2]), "in writing and upon reasonable notice to the people" (CPL 210.45 [1]; CPL 170.45). Defendant's motion met these requirements.

The trial court, the Appellate Division below (231 AD3d at 492), and the People on appeal all point to this Court's decision in People v Lawrence (64 NY2d 200 [1984]) as support for the holding that the speedy trial motion was untimely. Our decision in that case in fact makes clear that defendant's motion here was timely. In Lawrence, we held that a defendant could not, even with permission of the court, defer making a speedy trial motion until after entry of a verdict (id. at 203-204). We concluded that, under our standard rules of interpretation, a general provision in a statute does not overrule a more "particular provision," and therefore the "more general time provisions" in the statute "should [not] be read to expand the particular time provision for speedy trial motions" (id. at 204). We concluded that the defendant "[u]nquestionably . . . had an absolute right to make [a] motion" on the day trial commenced but failed to do so (id. at 206).

As an initial matter, we reject the People's argument here that defendant's speedy trial motion was never properly made. Given the efforts of defense counsel in both the calendar part and the trial part, and the notations made by the judge in the calendar part that the speedy trial motion had been made and that he would "handle" it, the motion here, unlike in Lawrence, was in fact made before trial commenced. On this record, defendant complied with the plain language of the governing statute (see CPL 170.30 [2]; see also CPL 1.20 [11] [a "non-jury trial commences with the first opening address, if there be any, and, if not, when the first witness is sworn"]).

Despite defendant's compliance with the plain language of CPL 170.30 (2), and our statement in Lawrence about the "absolute right" to file that motion prior to commencement of trial (64 NY2d at 206), the People argue that defendant's motion was untimely because it was not "made . . . upon reasonable notice" as required by CPL 210.45 (1). This is incorrect.

The requirement of reasonable notice serves to "ensure that the People are adequately protected from unfair surprise" (People v Mezon, 80 NY2d 155, 160 [1992]). The notice requirement also serves "the additional purpose of framing and narrowing the issues, enabling the prosecution to prepare an intelligent response" (id.). For speedy trial motions, CPL 170.30 (2) sets the specific time frame—that motion must be made before trial begins—and that deadline is not altered by the statutory reasonable notice provision. Whatever effect, if any, the reasonable notice provision of CPL 210.45 (1) may have on the timing of other types of motions, it cannot as a general statute override the specific timing provisions of CPL 170.30 (2), either to expand or contract that timing (see Lawrence, 64 NY2d at 204). Here, defendant's motion was made in writing and provided the requisite notice.

As we noted in Lawrence, there is "good reason for the distinction" between this specific timing requirement for speedy trial motions and the timing applicable to other pretrial motions generally (64 NY2d at 204-205 [noting that unlike other types of pretrial motions with a deadline of 45 days from arraignment as provided for in CPL 255.20, "it would be highly unusual that the statutory period of delay could elapse within" that time period for speedy trial motions]). For a speedy trial motion to succeed, a court must find that the necessary number of days should be charged to the People, and resolving which days are chargeable is at times complex (see e.g. People v Brown, 28 NY3d 392 [2016]; People v Barden, 27 NY3d 550, 553-557 [2016]; People v Smietana, 98 NY2d 336 [2002]). Outcomes may vary, even under similar circumstances (compare People v Harris, 87 Misc 3d 759, 764 [Crim Ct, [*3]Bronx County 2025] [prosecution charged with time when defendant was not produced] with People v Fernandez, 39 Misc 3d 1221 [A] [Sup Ct, Bronx County 2013] [prosecution charged with some, but not all, of the time when defendant was not produced]). To that end, a defendant seeking a dismissal based on a speedy trial violation may wish to accumulate as many chargeable days as possible. The facts here reinforce the wisdom of this approach. Defendant made his motion on the date trial was set to begin, eleven months after his arraignment, and alleged 326 days chargeable to the People. That motion contained 9 pages of detailed calculations of days and arguments about why each period should be charged to the People, including the days immediately leading up to the July 23 court date. The People for their part now claim that only 54 of those days were chargeable to them. In other words, every day counts—and many may be contested—in the speedy trial context, and the statute affords a defendant flexibility to decide when best in the time leading up to the start of trial to make a CPL 30.30 (1) (b) motion.

Nevertheless, the People are entitled to a fair opportunity to prepare a response. Contrary to the People's contention, our decision in Lawrence does not require a trial court in this situation to adjourn the trial to provide the People with that opportunity. That case held only that a defendant, even with court approval, could not defer making the motion until after trial began. That does not mean that a court poised to begin a trial must halt proceedings and resolve a timely speedy trial motion. A court in receipt of such motion has discretion whether to proceed with trial and when to resolve the motion. While proceeding in this way may lead to inefficiencies (see Lawrence, 64 NY2d at 206), such a result may in certain cases be necessary. The trial court is in the best position to determine when proceeding to trial is warranted to avoid inconvenience to witnesses and unnecessary delay.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Order reversed and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein. Opinion by Judge Garcia. Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.

Decided April 21, 2026