People v Urgitano

2026 NY Slip Op 02884

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Joseph Urgitano, Defendant-Appellant.

Decided and Entered: May 07, 2026

Ind No. 1561/16|Appeal No. 6554-6554A-M-1467|Case No. 2019-986 2024-06269|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Law Office of Steven N. Preziosi P.C., New York (Stephen N. Preziosi of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (James McCarty, J.), rendered November 7, 2018, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed. Order, same court (Jeffrey Rosenblueth, J.) entered on or about September 13, 2024, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Supreme Court correctly denied defendant's CPL 440.10 motion, as defendant received effective assistance of counsel under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). In light of the overwhelming evidence of defendant's guilt, defendant has not established prejudice for purposes of a federal claim (Strickland, 466 US at 687) or for purposes of the "meaningful representation" standard that underlies a state claim (see People v Stultz, 2 NY3d 277, 283-284 [2004]). Trial counsel was not ineffective in failing to make a motion for a trial order of dismissal on the ground that the People failed to establish the serious physical injury element of assault in the first degree. The medical evidence established that if left untreated, the victim could ultimately have died from the knife wounds (People v Rudenko, 151 AD3d 1084, 1084 [2d Dept 2017], lv denied 30 NY3d 953 [2017]). Additionally, the victim suffered substantial pain and requiredsignificant rehabilitation as a result (see People v Wong, 165 AD3d 468, 468 [1st Dept 2018], lv denied 32 NY3d 1116 [2018]). The supervising doctor was properly called to testify about the nature and extent of the victim's injuries and, given his experience in trauma care, was qualified to render an opinion about the victim's likely prognosis. Moreover, certain aspects of the medical records provided support for defendant's theory about the victim's condition at the time of the incident, so counsel's failure to object either to the records or the physician's testimony was not ineffective.

[*2]

Failing to move for a missing witness charge was not ineffective. Under the circumstances, such an objection would have been futile given the unequivocal representation by counsel for that witness that she would invoke her Fifth Amendment privilege (see generally People v Caban, 5 NY3d 143, 152 [2005]). The trial court properly allowed the victim to invoke his right to remain silent when asked, on cross-examination, about a pending but unrelated criminal matter. Therefore, defense counsel's failure to object to this ruling was not ineffective (see People v Graham, 201 AD3d 143, 152 [1st Dept 2021], lv denied 38 NY3d 950 [2022]). Finally, defendant's claim that counsel was ineffective for failing to move into evidence certain video surveillance evidence lacks support in the record, as the video in question was part of a larger exhibit that was entered into evidence. Counsel cannot be faulted for failing to seek redundant admission of the same evidence. We note also that the video evidence established that defendant was the aggressor, which contraindicates his claim of justification (see People v Brown, 33 NY3d 316, 320-321 [2019]).

Defendant's argument that the trial court and the People deprived him of his right to a fair trial by refusing to grant immunity to the witness he claims would support his justification defense is unavailing. An immunity determination is subject to abuse of discretion review (see CPL 50.20; 50.30), and there is no indication in the record that the witness at issue ever sought immunity for her alleged role in the incident as a condition for testifying. Moreover, the court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support either the objective or subjective aspects of this defense (see People v Goetz, 68 NY2d 96, 115 [1986]; see People v Watts, 57 NY2d 299, 301-302 [1982]).

Defendant's speedy trial motion was untimely, as it was made after verdict (CPL 210.20[2], CPL 210.20[1][g]; People v Prosano, 279 AD2d 329, 329 [1st Dept 2001], lv denied 96 NY2d 833 [2001]). Were we to consider it on the merits, defendant's claim would fail, as the People established that, among other things, there was good cause for delay because the victim had received threats which gave him concern about his safety if he testified (see People v Decker, 13 NY3d 12, 15 [2009]; People v Regan, 39 NY3d 459, 465 [2023], citing People v Taranovich, 37 NY2d 442, 445 [1975]).

The trial court did not abuse its discretion in denying defendant's motion, at sentencing, for new counsel, given the posture of the case and defendant's lack of evidence of specific lapses in counsel's representation s (see People v O'Daniel, 24 NY3d 134, 138 [2014]; People v Scott, 222 AD3d 663, 664-65 [2d Dept 2023]).

[*3]

Finally, by failing to contest his criminal history, including the relevant periods of incarceration, defendant failed to preserve any Erlinger challenge (People v Hernandez, 43 NY3d 591, 597-598 [2025]).

We have considered defendant's remaining arguments and find them unavailing.

M-1467 — People v Joseph Urgitano

Motion by defendant to enlarge the record, denied.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026