People v Bravo
2026 NY Slip Op 50976(U)
June 25, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Right to Speedy Trial-Timeliness of Motion-After Trial

The People of the State of New York, Appellant,
v
Segundo Naula Bravo, Defendant-Respondent.

Supreme Court, Appellate Term, First Department
Decided on June 25, 2026
570065/26
Present: Tisch, J.P., Perez, Alpert, JJ.

The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Eugene Deronn Bowen, J.), dated January 29, 2025, which granted defendant's posttrial motion to dismiss on statutory speedy trial grounds.
[*1]
Per Curiam.
Order of the Criminal Court of the City of New York, Bronx County (Eugene Deronn Bowen, J.), dated January 29, 2025, reversed, on the law, motion denied, the verdict reinstated, and the matter remanded to Criminal Court for sentencing.
Defendant's speedy trial motion should have been denied as untimely, since it was made after the verdict (see CPL 210.20 [2], CPL 210.20 [1] [g]; CPL 30.30; People v Roper, — NY3d —, 2026 NY Slip Op 02365 [2026]; People v Lawrence, 64 NY2d 200, 203 [1984][with respect to CPL 30.30, the "[f]ailure to follow the statutory procedure results in a waiver of the claim"]; People v Urgitano, — AD3d —, 2026 NY Slip Op 02884 [2026]). As noted by the Court of Appeals in Roper, while the defendant "[u]nquestionably ... had an absolute right to make [a] motion on the day trial commenced," he was foreclosed from making it after trial(People v Roper, supra, citing People v Lawrence, 64 NY2d at 206).
Defendant's argument that Criminal Court could have dismissed pursuant to CPL 245.80, is an alternate ground for affirmance, which we may not consider on the People's appeal (see CPL 470.15 [1]; People v LaFontaine, 92 NY2d 470, 474 [1998]). "Therefore, consideration of defendant's ... arguments will have to await a possible future appeal by him after sentencing" (People v Goodfriend, 64 NY2d 695, 698 [1984]). We therefore reverse the order, deny the motion, reinstate the verdict and remit the matter to Criminal Court for sentencing.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 25, 2026